CORTES, RECURRENTE, *v.* EL REGISTRADOR, RECURRIDO.

Recurso gubernativo contra nota denegatoria de inscripción del Registrador de la Propiedad de Arecibo.

No. 173.—Resuelto en marzo 5, 1914.

BIENES GANANCIALES—VENTA DE PARTICIPACIONES DETERMINADAS ANTES DE LA LIQUIDACIÓN.—El hecho de que no se haya practicado la liquidación de una sociedad de gananciales no impide al cónyuge viudo que pueda vender las participaciones indeterminadas que le puedan tocar en los bienes gananciales inscritos en el registro a nombre de dicho cónyuge y de los herederos del cónyuge premuerto.

CONTRATOS—BIENES GANANCIALES—ENAJENACIÓN DE DERECHOS Y ACCIONES.— El contrato de venta de participaciones indeterminadas de bienes gananciales hecho por el cónyuge viudo antes de la liquidación de la sociedad de gananciales constituye una enajenación de derechos y acciones y nó una venta de fincas o parte alguna determinada de ellas.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. Eduardo Marín.*

El Registrador Sr. José Marcial López compareció por escrito en nombre propio.

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

Domingo Marrero adquirió por título oneroso durante su matrimonio con María Cortés varias fincas, las que después de su muerte fueron inscritas en común proindiviso a favor de sus herederos y de la viuda.

Posteriormente por escritura pública de 2 de diciembre de 1913 la viuda María Cortés Marrero, después de relacionar varias fincas como adquiridas por su esposo durante el matrimonio con ella; las vendió por cierto precio a favor de Justiniano Cortés y Marrero ''en la proporción que de cada una de ellas pueda corresponderle una vez practicada la liquidación de la sociedad legal de gananciales,'' y presentado el documento para su inscripción en el Registro de la Propiedad de Arecibo, fué negada por medio de la siguiente nota

contra la cual se ha interpuesto el presente recurso gubernativo:

"Denegada la inscripción del contrato de compraventa que comprende este documento por pertenecer las fincas objeto del mismo a la sociedad legal de gananciales llevada por la vendedora Doña María Cortés Marrero con Don Domingo Marrero, aun no liquidada; y porque el viudo y los hijos herederos del cónyuge difunto están privados de la libre disposición de los bienes gananciales mientras se practica la liquidación del caudal inventariado y hasta que se entregue a cada uno su haber, según doctrina de los artículos 1331 y siguientes del Código Civil, confirmada por Decisiones de la Honorable Corte Suprema de Puerto Rico de acuerdo con Resoluciones de la Dirección General de los Registros de España. También contiene en cuanto a la finca letra E el defecto subsanable de haberse cometido error al determinarse el número de la finca y el folio de su inscripción. Y en cumplimiento de lo establecido por la sección 7ª. de la ley de 1º. de marzo de 1902, siendo el primer defecto insubsanable se tomó anotación preventiva por ciento veinte días al folio 176 vuelto del tomo 70 de Utuado, finca número 3790; al folio 173 del tomo 70 de Utuado, finca número 3789; y al folio 184 vuelto del tomo 52 de Utuado finca número 2979, anotaciones letras A. Arecibo, 16 enero de 1914. José Marcial López, Registrador."

De los antecedentes expuestos resulta que la cuestión planteada en este recurso es la de si inscritas ciertas fincas en comun proindiviso a favor de los herederos de una persona y de su viuda por sus gananciales, es inscribible la venta que ésta hace de las participaciones que en tales fincas puedan corresponderle cuando se liquide la sociedad conyugal y por consiguiente sin que tal liquidación se haya verificado.

Ya hemos dicho en 17 de junio de 1913 al resolver el recurso gubernativo interpuesto por Ríos Ocaña contra el Registrador de Arecibo, que el cónyuge viudo no puede disponer cual si fueran propios del todo o ·parte determinada de los bienes que tengan el carácter de gananciales sin que preceda la liquidación de la sociedad conyugal, doctrina que indebidamente aplica el registrador en el presente caso porque la viuda no enajena parte alguna determinada y concreta

de las fincas que relaciona en el documento de venta, sino las participaciones indeterminadas que en ellas puedan corresponderle como gananciales cuando se practique la liquidación de éstos. El contrato que motiva el recurso no es de venta de fincas o de parte alguna determinada de ellas sino de enajenación de derechos y acciones. *González* v. *Méndez,* 8 D. P. R., 258. Por virtud de la venta hecha por la viuda al recurrente Justiniano Cortés, no adquiere éste el dominio de determinada parte de las fincas que relacionaron, sino las participaciones que puedan adjudicarse a la vendedora el día que se practique la liquidación, si es que alguna se le adjudica en tales fincas.

Hemos examinado las resoluciones de la Dirección General de los Registros de España que el registrador recurrido cita en apoyo de su negativa de inscripción y si bien sostienen la afirmación que hicimos en el caso de Ríos Ocaña a que hemos hecho referencia al principio, no apoyan el fundamento de la negativa, pues se limitan a declarar que no puede venderse parte determinada de los bienes gananciales por el cónyuge sobreviviente mientras no se practique su liquidación. Esta corte ya ha resuelto en el caso de *Méndez* v. *El Registrador de la Propiedad de Caguas* y casos en él citados, 18 D. P. R., 807, que es inscribible la enajenación del derecho hereditario aunque no se haya verificado la adjudicación correspondiente, con tal que se halle previamente inscrito a favor del transmitente. Siendo inscribible esa enajenación ha de serlo también la que hace la viuda de su derecho hereditario por sus gananciales.

El que la ley establezca que una vez disuelto el matrimonio se proceda a la liquidación de la sociedad conyugal no impide, como sostiene el registrador, que pueda enajenarse el derecho hereditario mientras aquélla no se verifique, pues tal precepto no tiene otro alcance que el de mediante ella concretar y determinar la porción que a cada partícipe corresponda en determinados bienes de herencia y es indispensable cuando quieran cesar en la indivisión. No existe por tanto el

temor que abriga el registrador de que enajenando los con-
dueños sus participaciones abstractas en bienes de la heren-
cia jamás llegaría a cumplirse la ley que ordena tal liquida-
ción, pues será de absoluta necesidad el día en que los compra-
dores de los derechos vendidos quieran determinar la por-
ción fija y concreta que a cada uno corresponda en los mis-
mos; ni tampoco el de que los acreedores puedan ser burla-
dos por tal clase de ventas, pues si tienen algún derecho real
inscrito no podrán ser perjudicados por esas enajenaciones y
si no fueren de esa clase, el artículo 23 de la ley de procedi-
mientos especiales permite que los acreedores con título es-
crito no asegurado, promuevan las diligencias de administra-
ción judicial.

Resuelto el único motivo en que el recurrente apoya su
recurso, debe revocarse la nota recurrida por lo que respecta
al defecto insubsanable consignado en ella y ordenarse la
inscripción del documento.

*Revocada la nota en cuanto al defecto insubsanable.*

Jueces concurrentes: Sres. Presidente Hernández y Aso-
ciados Wolf y del Toro.