FERRAIOLI, RECURRENTE, v. EL REGISTRADOR DE PONCE,
RECURRIDO.

RECURSO gubernativo contra nota del Registrador de la Pro-
piedad de Ponce denegando la inscripción de una escri-
tura de venta.

No. 218.—Resuelto en abril 23, 1915.

INSCRIPCIÓN DE TÍTULOS—ADQUISICIÓN DURANTE LA SOCIEDAD DE GANANCIALES—
INSCRIPCIÓN A FAVOR DE UNO SOLO DE LOS CÓNYUGES—ENAJENACIÓN O GRA-
VAMEN.—Para que pueda ser inscrita la enajenación o gravamen de una finca
inscrita en el registro a favor de uno solo de los cónyuges, y adquirida .du-
rante la sociedad de gananciales, es preciso que se otorgue el documento por
los dos consortes, porque ambos son los dueños según el registro.

ID.—INSCRIPCIÓN A FAVOR DE UNO SOLO DE LOS CÓNYUGES—ENAJENACIÓN POR EL
OTRO—INSCRIPCIÓN PREVIA A FAVOR DEL VENDEDOR.—Aun cuando uno de los
cónyuges sea el único dueño de la finca por haber sido adquirida para él
con dinero privativo suyo, es necesario que así resulte del registro antes de
que el registrador pueda inscribir la enajenación que de ella haga, según el
artículo 20 de la Ley Hipotecaria.

ID. — INSCRIPCIÓN PREVIA — ESCRITURA ACLARATORIA ACOMPAÑADA A LA DE LA
VENTA—INFRACCIÓN DEL ARTÍCULO 2°. DE LA LEY HIPOTECARIA.—La ins-
cripción previa a favor de un vendedor no puede ser suplida haciéndose
referencia en la inscripción a una escritura aclaratoria que a la de venta
se acompaña, porque con ello se infringiría el precepto del artículo 2°.
de la Ley Hipotecaria que exige la previa inscripción de los títulos trus-
lativos o declarativos del dominio de los inmuebles o derechos reales.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. Vicente Zayas Pizarro.*

El Registrador Sr. José Miguel Márquez compareció en
nombre propio.

EL JUEZ ASOCIADO SR. ÁLDREY, emitió la opinión del tribunal.

Según el Registro de la Propiedad de Ponce Don Aguedo Bosch es dueño de una casa con su solar, que compró estando casado con Doña Catalina Porrata.

Algún tiempo después, por escritura de 19 de diciembre de 1914 la Doña Catalina Porrata Massó, subsistente el matrimonio, vendió esa finca con pacto de retro a Don Blás Ferraioli y Florenzano, haciendo constar en el documento que aun cuando estaba inscrita en el registro como para la sociedad de gananciales, resulta de otra escritura aclaratoria que corresponde a la vendedora como bienes propios suyos, por haberla adquirido su esposo con dinero perteneciente a ella exclusivamente, procedente de su herencia paterna.

Presentada en el registro de la propiedad la escritura de venta con pacto de retro por ella otorgada para su inscripción, acompañada de la escritura aclaratoria últimamente relacionada, el registrador de la propiedad se negó a inscribir dicha venta por los motivos que aparecen en la nota puesta al pié de la escritura y que dice así:

"Denegada la inscripción del precedente documento, al cual se acompaña como comprobante la escritura aclaratoria en él citada, por los defectos insubsanables de que la finca vendida se halla inscrita a favor de Don Aguedo Bosch, persona distinta a la trasmitente, y que la escritura aclaratoria en que ésta funda su derecho es nula, puesto que en realidad no es más que una trasmisión de dominio entre esposos, y en el caso de no ser nula, es necesario inscribirla previamente, y no como ahora—que se ha presentado como comprobante— para simple nota de referencia; habiéndose tomado anotación preventiva por 120 días al folio 211 vuelto del tomo 155 de Ponce, finca número 6928, anotación letra A. Ponce, enero 15 de 1915. El Registrador, José Miguel Marqués."

Contra esa negativa de inscripción interpuso Don Blas Ferraioli el presente recurso gubernativo con súplica de que la revoquemos y ordenemos la inscripción del documento.

El registrador recurrido procedió correctamente al negar la inscripción de la venta con pacto de retro.

La finca en cuestión se halla inscrita en el registro a favor de Don Aguedo Bosch, como adquirida durante la sociedad de gananciales con su esposa, y para que pueda ser inscrita la enajenación o gravamen que de la misma se haga es preciso que se otorgue el documento por los dos consortes porque según el registro son los dueños de ella.

Si Doña Catalina Porrata es la única dueña de la finca porque su esposo la adquirió para ella con dinero privativo suyo, es necesario que así resulte del registro antes de que el registrador pueda inscribir la enajenación que ella haga, ya que según el artículo 20 de la Ley Hipotecaria para inscribir y anotar los documentos en virtud de los cuales se transfiera o grave el dominio o la posesión de bienes inmuebles o derechos reales, deberá constar previamente inscrito o anotado el derecho de la persona que otorgue o en cuyo nombre se haga la transmisión o gravamen.

Esa inscripción previa a favor de la vendedora Doña Catalina Porrata no. puede ser suplida, como pretende el recurrente, haciéndose referencia en la inscripción a la escritura aclaratoria que a ella se acompañó porque se faltaría al precepto del artículo 2° de la ley que exige la previa inscripción de los títulos traslativos o declarativos del dominio de los inmuebles o derechos reales. En verdad, tal escritura no es aclaratoria de ninguna cláusula de la escritura de venta, sino que por .ella se reconoce la propiedad exclusiva de la finca a favor de Doña Catalina Porrata y ha de ser inscrita antes de que pueda inscribirse la enajenación que hizo la esposa.

Aun cuando uno de los motivos en que el registrador se funda para negar la inscripción es que la mencionada escritura aclaratoria es nula, como quiera que estimamos que no cabe considerarla como aclaratoria de la de venta y como ahora no está en discusión su validez a los efectos de por ella inscribir la finca como propiedad exclusiva de Doña Cata-

lina Porrata, no era pertinente ese motivo de la negativa y no es necesario que resolvamos esa cuestión en este recurso.

Por los fundamentos que dejamos consignados debe ser confirmada la nota recurrida.

> *Confirmada la nota recurrida.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Hutchison.