Antonio del Toro, recurrente, *v.* El Registrador de la Propiedad de San Juan, Sección Segunda, recurrido.

Núm. 1050.—*Sometido:* Junio 1, 1939. *Resuelto:* Enero 18, 1940.

*Angel Arroyo Rivera,* abogado del recurrente; el registrador recurrido compareció por escrito.

El Juez Asociado Señor Travieso emitió la opinión del tribunal.

Los hechos de este caso, brevemente expuestos, son como sigue: el recurrente, Antonio del Toro, durante su matrimonio con Rosario Núñez, adquirió a título oneroso tres fincas urbanas radicadas en Cataño, a las cuales nos referiremos en lo sucesivo por las letras A, B y C, respectivamente. En abril 8, 1937, la Corte de Distrito de Bayamón a instancia de Antonio del Toro decretó el divorcio de dichos cónyuges. El día 15 del mismo mes y año, Rosario Núñez otorgó un pagaré por $70 a la orden de Benedicta Cruz. Entablada

demanda para el cobro de dicho pagaré, por la señora Cruz asistida de su esposo, contra Rosario Núñez, sin hacer parte demandada a Antonio del Toro, la Corte Municipal de San Juan dictó sentencia a favor de la parte actora, la que fué confirmada por la de Distrito en Mayo 17, 1938. Librado mandamiento de ejecución de dicha sentencia, el márshal embargó como propiedad de la señora Núñez el condominio de una mitad de la finca "B." Presentado el mandamiento diligenciado al registro, el registrador recurrido tomó anotación preventiva del embargo en cuanto al citado condominio. Celebrada la venta judicial y adjudicada la mitad de la finca a la acreedora Benedicta Cruz, el registrador procedió a inscribirla a nombre de dicha acreedora, "en cuanto a la mitad de esta finca que pueda corresponder a la demandada por su mitad de gananciales sujeta a la resolución de la liquidación de la sociedad de gananciales."

En 25 de febrero de 1939, Antonio del Toro y Rosario Núñez otorgaron una escritura de *liquidación, avalúo y partición de la sociedad de gananciales* que existió entre ellos hasta la fecha de su divorcio. Hicieron constar en dicha escritura que el capital a dividir por partes iguales entre los otorgantes asciende a la suma de $1,200. Para pagar a Rosario Núñez los $600 que le correspondían, se le adjudicó la finca descrita bajo la letra "A," valorada en $500, haciendo constar que ya la posee en concepto de hogar seguro, más $10 en efectivo y nueve pagarés por $10 cada uno, otorgados por Antonio del Toro. A éste se le adjudicó en pago de su haber las fincas descritas bajo las letras "B" y "C." Presentada dicha escritura para su inscripción, practicó ésta el registrador, en cuanto a una mitad solamente de la finca "B" por constar la misma inscrita a favor de Benedicta Cruz," notificándose al interesado el 29 de marzo de 1939.

El 3 de abril de 1939, Antonio del Toro radicó una petición ante el recurrido, en la que solicitaba la cancelación de oficio de la anotación preventiva del embargo a favor de Benedicta Cruz y de la inscripción séptima de la finca "B"

a favor de la misma señora, y que se inscribiese la totalidad de dicha finca a nombre de Antonio del Toro. Como fundamentos de dicha petición se alegaba que la deuda entre Rosario Núñez y Benedicta Cruz fué contraída siete días después de dictada la sentencia de divorcio en contra de la deudora señora Núñez, no siendo por tanto responsable de dicha deuda la sociedad de gananciales, según lo dispuesto por el artículo 169 del Código Civil vigente, edición de 1902 (equivalente al artículo 101 de la edición de 1930); y que la anotación de embargo y la inscripción de la venta eran improcedentes y nulas, por ser contrarias al artículo 20 de la Ley Hipotecaria.

En 21 de abril, 1939, el Registrador denegó las cancelaciones solicitadas, por las razones expuestas en su nota, que lee así:

"Denegadas las cancelaciones que se solicitan en el precedente escrito, con vista de otros documentos, en cuanto a la anotación de embargo letra "A", porque ya lo ha sido según su nota marginal, y la de la inscripción 7ma.

"Primero: Porque la finca de que se trata fué adquirida por Rosario Núñez estando casada con Antonio del Toro, a título de compra, según la inscripción 4ta. y en la finca tiene un derecho dicha señora.

"Segundo: Porque en el mandamiento de embargo, por $90, se afirmó que Rosario Núñez, la demandada, era de estado viuda, y ése es uno de los medios por los cuales se disuelve la sociedad conyugal, y era indiscutible la participación de la demandada en la finca, y lo que procedía, y así se consignó, fué el defecto subsanable de no insertarse ni acompañarse copia del documento origen de la deuda ni de la demanda.

"Tercero: Porque si en vez de ser de estado viuda la demandada Rosario Núñez, se hubiera consignado que era divorciada, también procedía la anotación del embargo sobre su mitad de gananciales, y que, según los Arts. 105 y 1329 del Código Civil, 'el divorcio lleva consigo la separación de la propiedad y bienes de todas clases entre los cónyuges.'

"Cuarto: Porque la mitad de la finca consta inscrita a favor de Benedicta Cruz, en virtud de escritura otorgada por el márshal, a nombre de Rosario Núñez, después del fallo de la Corte de Distrito de San Juan, que confirmó el de la Municipal, de que apelara la de-

mandada, y, de cancelarse ese asiento, como pretende el peticionario Antonio del Toro, se privaría a un tercero de su derecho inscrito sin el debido proceso de ley, cuando los asientos de los libros del Registro de la propiedad están bajo la salvaguardia y al amparo de los Tribunales de Just'cia, únicos que pueden mandarlos a cancelar (4 D.P.R. 49; 13 D.P.R. 375) cuando en ello no consiente el que tiene a su favor el derecho inscrito.

"Quinto: Porque no fué una venta voluntaria, realizada por Rosario Núñez, pero aunque lo hubiera sido, ella podía vender, ya divorciada, una participación indeterminada en la finca, como puede hacerlo el cónyuge viudo, y así lo ha declarado la Corte Suprema en el caso 20 D.P.R. 141, ya que 'ambos consortes son los dueños, según el Registro'. (22 D.P.R. 393).

"Sexto: Porque si se tratara de la rectificación de un asiento, extendido en los libros del Registro de la Propiedad, se necesitaría la conformidad de los interesados, o una resolución judicial para llevarla a efecto, según disponen los arts. 256 y siguientes de la Ley Hipotecaria.

"Séptimo: Porque si el marido no puede enajenar los bienes de la sociedad de gananciales sin el consentimiento expreso de la mujer (arts. 91 y 1313 del Código Civil) es evidente que algún derecho tiene en los mismos la esposa, y es el que puede embargársele por un acreedor (54 D.P.R. 233).

"Octavo: Porque si ni el marido ni la mujer pueden disponer, por testamento, sino de su mitad de gananciales (art. 1314 Código Civil), es indudable el interés de cada uno en los bienes de la sociedad conyugal.

"Noveno: Porque la separación de bienes, en caso de divorcio, no perjudica los derechos adquiridos con anterioridad por los acreedores (art. 1331 del Código Civil) en cuyo caso se encuentra Benedicta Cruz.

"Décimo: Porque donde no intervienen los acreedores es en la partición de la herencia (2 D.P.R. 34) pero sí en la liquidación de la sociedad de gananciales; y

"Undécimo: Porque según lo resuelto por la Hon. Corte Suprema en el caso 54 D.P.R. 233, supra, 'el derecho del acreedor a dirigirse contra los bienes gananciales, y embargarlos, es incuestionable, tratándose de la aplicación de esos bienes al pago de la deuda contraída por uno de los cónyuges.' "

No conforme Antonio del Toro, radicó en 15 de mayo de 1939 el presente recurso. Se basa éste en tres señalamientos de error imputados al registrador, a saber:

1°. Indebida anotación del embargo por falta de capacidad del acreedor para sujetar a dicho embargo una finca inscrita a nombre de persona distinta del demandado deudor por sentencia.

2°. Indebida inscripción de una mitad de la finca "B" a favor de la acreedora por sentencia, por falta de capacidad de la deudora para trasmitir tal participación por escritura otorgada por el márshal a favor de la acreedora.

3°. El negarse a inscribir el título del recurrente sobre la totalidad de la finca letra "B" y a cancelar la anotación e inscripción a favor de Benedicta Cruz.

Requerido oportunamente para que informase por escrito, el recurrido se ha limitado a presentar una certificación literal de la anotación del embargo, del mandamiento a virtud del cual se practicó dicho embargo y de la inscripción de la adjudicación de la finca "B" a favor de Benedicta Cruz. En el mandamiento de embargo expedido por la Corte Municipal de Bayamón se hizo constar que "Las circunstancias personales de las partes son: ambas viudas, mayores de edad, oficios domésticos y vecinas de Cataño"; y, como es natural, tanto en la anotación como en la inscripción en cuestión se hicieron constar esas mismas circunstancias personales.

La cuestión fundamental envuelta en este recurso—y que debemos resolver antes de que podamos proceder a considerar las diversas cuestiones legales que en el mismo se plantean—es: ¿Está facultado el registrador para cancelar *de oficio* una anotación y una inscripción, practicada la primera en virtud de mandamiento expedido por una corte de justicia, y la segunda en virtud de escritura pública otorgada por el márshal, sin el concurso y conformidad de las partes interesadas?

El artículo 82 de la Ley Hipotecaria, en lo que es pertinente, dispone:

"Las inscripciones o anotaciones preventivas, hechas en virtud de escritura pública, no se cancelarán sino por providencia ejecutoria

contra la cual no se halle pendiente recurso de casación, o por otra escritura o documento anténtico, en el cual exprese su consentimiento para la cancelación la persona o cuyo favor se hubiese hecho la inscripción o anotación, o sus causahabientes o representantes legítimos.

"*     *     *     *     *     *     *

"Las inscripciones o anotaciones hechas en virtud de mandamientos judiciales no se cancelarán sino por providencia ejecutoria que tenga las circunstancias prevenidas en el párrafo primero de este artículo."

La anotación preventiva de embargo en el caso de autos fué practicada en virtud de un mandamiento expedido por una corte municipal para asegurar la efectividad de la sentencia que pudiera dictarse en una acción en cobro de dinero. La inscripción cuya cancelación se pide fué practicada en virtud de escritura pública de venta de la finca embargada, otorgada por el márshal, en ejecución de sentencia de la Corte de Distrito de San Juan, confirmando la dictada por la Municipal de Bayamón.

No importa cuáles o cuántas causas de nulidad puedan ser invocadas en contra del título que ostenta Benedicta Cruz en cuanto a una mitad de la finca "B," el registrador no está facultado como tal para cancelar *de oficio* las constancias del registro. Sólo puede hacerlo por providencia ejecutoria contra la cual no se halle pendiente recurso alguno o por escritura o documento auténtico en el cual exprese su consentimiento para la cancelación la persona a cuyo favor se hubiese hecho la inscripción. Sostener lo contrario equivaldría a resolver que una persona puede ser privada de sus derechos o propiedades sin el debido proceso de ley. Véanse: *Martínez* v. *Registrador,* 4 D.P.R. 49; *Bolívar* v. *Registrador,* 13 D.P.R. 375; y *Banco de P. R., Liquidador, etc.,* v. *Registrador,* 50 D.P.R. 725.

No erró el Registrador al negarse a practicar las cancelaciones solicitadas. *Debe confirmarse la nota recurrida.*