BOLÍVAR ET AL. *v.* EL REGISTRADOR DE LA PROPIEDAD.

Recurso gubernativo contra nota del Registrador de la Propiedad de Caguas.

No. 17.—Resuelto en diciembre 21, 1907.

MANDATO—MANDATARIO.—Autorizado un mandatario para vender los bienes inmuebles de su poderdante, con los pactos y condiciones que estime oportunos, sin que se haga distinción entre los bienes que posea ó pueda adquirir en lo sucesivo, mientras ese poder no le sea revocado, tiene facultades para vender los bienes adquiridos posteriormente por su mandante.

INSCRIPCIÓN—FACULTADES DEL REGISTRADOR—CANCELACIÓN.—Hecha una inscripción en el registro de la propiedad, el registrador carece de facultades para anularla sin el concurso y conformidad de los interesados, por ser facultad privativa de los tribunales de justicia.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. Juan de Gúzman Benítez.*

EL JUEZ PRESIDENTE SR. QUIÑONES, emitió la opinión del tribunal.

*Visto* el presente recurso gubernativo, interpuesto por el abogado Don Juan de Guzmán Benítez á nombre de Don Pedro Bolívar y Alvarez, como apoderado general de Don Gorgonio de los mismos apellidos y de Don Joaquín Ramos y Ferro, contra nota denegatoria del Registrador de la Propiedad de Caguas á inscribir una escritura de venta de una finca rústica.

*Resultando:* Que por escritura pública otorgada en la villa de Bilbao, ante el notario Don Francisco de Santiago y Marín, en 6 de febrero de 1901, Doña Angela Daubón, mayor de edad, casada y vecina de Munguía, confirió poder á su esposo Don Gorgonio de Bolívar y Alvarez, para que con relación á los bienes acciones y derechos que en esta Isla de Puerto Rico la correspondían, pudiera administrarlos, regirlos y gobernarlos, á cuyo efecto pudiera darlos en arrendamiento, venderlos é hipotecarlos por el precio, tiempo y condiciones que tuviera por conveniente establecer, cuyo poder lo sustituyó el Don Gorgonio á favor de su hermano Don Pedro de Bolívar y Alvarez en unión del que le confiriera personalmente, por escritura otorgada en esta ciudad de San Juan, el 15 de noviembre de 1904, ante el abogado y Notario Don Herminio Díaz Navarro, confiriéndole entre otras facultades la de administrar todos los bienes pertenecientes al otorgante como dueño, usufructuario, ó en cualquier otro concepto, y para comprar, vender y permutar inmuebles, con los pactos y condiciones que estimara oportunos.

*Resultando:* Que posteriormente, ó sea por escritura de 8 de julio de 1907, ante el abogado y Notario Don Salvador Suau y Carbonell, Don Pedro de Bolívar y Alvarez, como apoderado general de los esposos Don Gorgonio de Bolívar y Doña Angela Daubón, vendió á Don Joaquín Ramos y Ferro, un predio rústico de la propiedad de su poderdante Don Gorgonio de Bolívar, de 196 cuerdas de extensión superficial, radicado en el barrio del "Hato," del término municipal de Hato Grande ó San Lorenzo, en precio y cantidad de 5,000 dollars, que el comprador entregó en el acto del otorgamiento de la escritura, y que por otra posterior otorgada en esta ciudad en 24 del mismo mes de julio, ante el abogado y Notario Don Juan de Guzmán Benítez, el Don Joaquín Ramos y Ferro hipotecó dicha finca rústica á favor del Banco Territorial y Agrícola de Puerto Rico, por la suma de 3,000 dollars, que le había facilitado en calidad de préstamo, dejando en depósito en poder del Banco Territorial la misma suma de 3,000 pesos

hasta obtener la inscripción de la escritura en el registro de la propiedad.

*Resultando:* Que presentada dicha escritura en el Registro de la Propiedad de Caguas para la inscripción de la hipoteca, en unión de la escritura anterior de compra-venta, por la que el Don Joaquín Ramos y Ferro adquirió de Don Pedro de Bolívar y Alvarez, como apoderado de su hermano Don Gorgonio y de la esposa de éste, Doña Angela Daubón, la finca rústica de referencia, las inscribió el registrador sin ningún inconveniente el 30 de agosto último, pero acto seguido, en el mismo día 30 de agosto, dejó sin efecto dichos asientos por vía de rectificación, denegando entonces la inscripción de ambas escrituras por los motivos que expresan las notas puestas al pie de las mismas y que, copiadas á la letra, dicen así:

La de la escritura de compra-venta.

"No admitida la inscripción del precedente título porque Don Gorgonio Bolívar y Alvarez adquirió la finca que se enagena en 18 de diciembre de 1906 y la escritura de poder que ostenta Don Pedro Bolívar y Alvarez como mandatario del referido Don Gorgonio Bolívar y su esposa doña Angela Daubón, de fecha 15 de noviembre de 1904, le da capacidad para vender los bienes que dichos poderdantes poseían en el momento de otorgar el expresado mandato, y de ninguna manera puede entenderse que le autorizase para vender bienes adquiridos después de la repetida fecha del poder, como sabiamente interpretó en otro caso análogo, la dirección de los Registros de la Propiedad de Madrid por resolución de 8 de junio de 1885; y se ha extendido la anotación preventiva correspondiente por el término legal al folio 171 vuelto del Tomo 15 de Hato-Grande, finca 606, triplicado, anotación letra Y.—Caguas, 30 de agosto de 1907."

Y la de la escritura de hipoteca.

"No admitida la inscripción del precedente documento por estar inscrita la finca hipotecada á nombre de Don Gorgonio Bolívar y Alvarez, persona distinta del deudor, y se ha extendido la anotación preventiva correspondiente por el término legal al folio 206 vuelto del tomo 15º. de Hato-Grande, finca 606 cuadruplicado, anotación letra J.—Caguas, agosto 30 de 1907."

*Resultando:* Que contra estas notas ha interpuesto en tiempo el abogado Don Juan de Guzmán Benítez, á nombre de Don Pedro Bolívar y Alvarez, como apoderado de su hermano Don Gorgonio de los mismos apellidos y el Don Joaquín Ramos Ferro, el presente recurso gubernativo, para que se revoquen dichas notas, y se ordene al registrador la inscripción de ambas escrituras, sin nuevos gastos, y se le condene á pagar á los recurrentes la suma de 50 dollars, como gastos de franqueo y costas eventuales del presente recurso.

*Considerando:* Que autorizado como está Don Pedro Bolívar por el poder que le confiriera su hermano Don Gorgonio, por sí y como apoderado de su esposa Doña Angela Daubón, con amplias facultades para vender y enagenar todos sus bienes sin distinción entre los que les correspondieran de presente y los que pudieran adquirir en lo sucesivo, es evidente que mientras dicho poder no le sea suspenso ni revocado, está autorizado el apoderado para ejercer cuantas facultades le había conferido el poderdante en el insinuado poder, entre ellos, para vender la finca rústica de que se trata, por lo que no es exacto que dicha venta adolezca del vicio de nulidad que, según la nota del registrador, impide su inscripción en el registro de la propiedad.

*Considerando:* Que inscritas como estaban ambas escrituras en el registro, carecía el Registrador de la Propiedad de Caguas de facultades para anular dichas inscripciones, sin el concurso y conformidad de los interesados, por ser dicha facultad de la competencia exclusiva de los tribunales de justicia.

*Considerando:* Que debiendo verificarse hoy la ejecución de las hipotecas por la vía de apremio del Código de Enjuiciamiento Civil, ó sea sin sujeción á tipo, con arreglo á la ley de 10 de marzo de 1905, carece ya de objeto la prescripción del artículo 127 de la Ley Hipotecaria de fijar en las escrituras de hipoteca el valor de los bienes hipotecados que había de servir de tipo en la subasta, por lo que tampoco adolece de ese defecto subsanable la escritura hipotecaria de que se trata.

*Se revocan* las notas puestas por el Registrador de la Propiedad de Caguas denegatorias de la inscripción de las escrituras que motivan el presente recurso gubernativo, y se declara que dichas escrituras son inscribibles y debe el registrador inscribirlas, á su costa, en la forma que corresponda con arreglo á derecho. Y con devolución de los documentos presentados, remítase al Registrador de la Propiedad de Caguas copia certificada de la presente resolución para su conocimiento y demás efectos legales procedentes.

*Revocada.*

Jueces concurrentes: Sres. Hernández, Figueras, Mac-Leary y Wolf.