DÁVILA, RECURRENTE, *v.* EL REGISTRADOR DE CAGUAS, RECURRIDO.

RECURSO gubernativo interpuesto contra nota del Registrador de la Propiedad de Caguas denegatoria de inscripción de declaración de herederos.

No. 443.—Resuelto en marzo 25, 1920.

FACULTADES DE LOS REGISTRADORES PARA RECTIFICAR ASIENTOS—RECTIFICACIÓN DE ASIENTOS EN LOS LIBROS DEL REGISTRO—ERROR DE CONCEPTO.—En el presente caso el registrador hizo en sus libros la inscripción de un documento y firmó el asiento después de lo cual y por vía de rectificación extendió nota marginal denegando la inscripción del mismo documento. Recurrida la nota *se resolvió:* que el registrador no pudo por sí solo hacer la rectificación del asiento porque carecía de facultades para anularla sin el concurso y conformidad del interesado, por ser facultad privativa de los tribunales según el artículo 256 de la Ley Hipotecaria, pues no se trataba de corregir alguno de los errores materiales a que se refiere el artículo 254 de dicha ley sino un error de concepto que anulaba el derecho inscrito.

INSCRIPCIÓN DEL DERECHO HEREDITARIO—EXTENSIÓN DEL DERECHO—LIQUIDACIÓN PREVIA DE LA SOCIEDAD DE GANANCIALES.—A falleció estando casado en legítimas nupcias con B, que tenía inscrita una finca adquirida durante el matrimonio de ambos. Un hijo del primer matrimonio de A, que con catorce hijos más fué declarado heredero abintestato de A, presentó la declaración de herederos al registrador solicitando la inscripción de su derecho hereditario en cuanto a una treintava parte indivisa de la finca antedicha. Recurrida la nota por la cual solamente se inscribió a favor del recurrente su derecho hereditario indiviso, *se resolvió:* de acuerdo con la doctrina del caso de *Capó* v. *Fernández,* 27 D. P. R. 321, que el registrador cometió error al no inscribir la extensión del derecho tal como le fué pedido por el interesado sin que para esto fuera necesaria la previa liquidación y partición de la herencia, pues cuando no hay testamento la ley fija en iguales partes la extensión del derecho de los herederos.

RESOLUCIONES EX PARTE FIRMES.—Una resolución sobre declaratoria de herederos dictada por una corte de distrito en procedimiento *ex parte* sin oposición, es firme desde el momento en que se dicta, según la ley 11 de marzo de 1918.

DEFECTO SUBSANABLE—CIRCUNSTANCIAS PERSONALES.—Si puede considerarse como un defecto el no constar en la declaratoria de herederos las circunstancias personales de los herederos tal defecto queda subsanado si en la solicitud que presenta el heredero al registrador pidiendo la inscripción de su derecho constan tales circunstancias.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. A. Mena.*

El registrador recurrido no compareció.

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

Jesús María Dávila Maldonado solicitó y obtuvo de la Corte de Distrito de Humacao que lo declarase heredero abintestato, en unión de catorce hermanos más, de su padre Nemesio Dávila y Villafañe, apareciendo de dicha declaratoria que la segunda esposa del causante es Agustina Carrión Cruz, conocida por Rosario Carrión Cruz. Presentado ese documento en el Registro de la Propiedad de Caguas con un escrito a nombre de Jesús María Dávila Maldonado en el que se hace constar que es mayor de edad, viudo, propietario y vecino de Gurabo y en el que se pide sea inscrito su derecho hereditario en cuanto a una treinta-ava parte indivisa de la finca No. 305, folio 77 del tomo 6°. de Gurabo adquirida por Rosario Carrión y Cruz durante su matrimonio

con Dávila Villafañe por título de compra, aparece al pie de la declaratoria de herederos extendida una nota de haberse hecho la inscripción del documento en cuanto al derecho hereditario indiviso del heredero Jesús María Dávila Maldonado con los defectos subsanables de no ser firme la resolución, de no constar las circunstancias personales de los herederos y de no determinarse de una manera fehaciente la extensión del derecho cuya inscripción se solicita. Esta nota está fechada el 8 de octubre de 1919 y no está firmada por el registrador pero tiene adherido el documento un papel que parece estuvo pegado encima de dicha nota, en el cual aparece otra de igual fecha, firmada por el registrador, negando la inscripción del documento porque la finca objeto del derecho hereditario cuya inscripción se solicita no aparece inscrita a favor de su causante Nemesio Dávila Villafañe y haciendo constar como defectos subsanables los mismos de la nota que no está firmada.

Interpuesto recurso gubernativo por Jesús María Dávila, para mejor resolverlo, pedimos al registrador que nos enviara certificación literal de todas las inscripciones y anotaciones hechas en la finca en cuestión y de ella resulta que la finca la compró Rosario Carrión Cruz, representada por su esposo Nemesio Dávila Villafañe, según la inscripción segunda; que la inscripción tercera se hace a favor de Jesús María Dávila Maldonado en cuanto al derecho hereditario indiviso que adquiere en la finca por título de herencia intestada paterna, con los defectos subsanables que antes hemos mencionado y con vista de la declaratoria de herederos, estando firmada esta inscripción por el registrador de la propiedad el día 8 de octubre de 1919; inscripción que tiene una nota marginal de la misma fecha firmada también por el registrador que dice: "Por rectificación de la inscripción tercera", y en la que se lee que "equivocadas en la inscripción tercera las palabras 'inscribo a favor de Jesús María Dávila el derecho hereditario indiviso que en esta finca adquiere por título de herencia intestada paterna', pues en vez

de proceder la inscripción del documento objeto de dicho asiento lo que procede es su denegación, y existiendo aun el título en el registro procedo a rectificar dicho asiento en la forma siguiente: * * * ''. Después de esto, la nota marginal contiene la negativa de inscripción a que antes hicimos referencia.

Como se ve el registrador hizo en sus libros la inscripción solicitada por el recurrente y firmó el asiento después de lo cual y por vía de rectificación consignó en la nota marginal la negativa de inscripción del mismo documento, rectificación que por sí solo no podía hacer el registrador porque habiendo verificado la inscripción en sus libros a favor de Jesús María Dávila carecía de facultades para anularla sin el concurso y conformidad del interesado, por ser facultad privativa de los tribunales según el artículo 256 de la Ley Hipotecaria pues no se trataba de corregir alguno de los errores materiales a que se refiere el artículo 254 de dicha ley sino un error de concepto que anulaba el derecho inscrito. *Bolívar* v. *El Registrador*, 13 D. P. R. 375.

Por consiguiente, tomando como base la inscripción tercera hecha por el registrador veamos ahora si, como sostiene el recurrente, la inscripción debió hacerse no en cuanto al derecho hereditario indiviso sino en cuanto a una treinta-ava parte, como le pidió, por ser quince los herederos del marido y corresponder las otras quince partes a la esposa por tener el concepto de ganancial la compra que hizo siendo casada.

De acuerdo con lo que resolvimos en el caso de *Capó* v. *Fernández Navas*, 27 D. P. R. 321, al recurrente corresponde una treinta-ava parte de la finca comprada por la sociedad de gananciales de que formó parte su padre porque desde el mismo momento de su muerte sus derechos se trasmitieron a sus herederos, aunque no aparezca liquidada la sociedad de gananciales y aunque la herencia no haya sido partida, porque no existiendo testamento la ley fija en partes iguales la extensión del derecho de cada heredero.

Por ese fundamento la inscripción debió ser hecha, como pidió el recurrente, en cuanto a una treinta-ava parte, y por él también no es sostenible el defecto subsanable consignado en la inscripción de no determinarse de una manera fehaciente la extensión del derecho del peticionario.

El otro defecto subsanable de no ser firme la resolución sobre declaratoria de herederos tampoco es sostenible, porque dictada en un expediente ex parte tramitado sin oposición, fué firme desde el momento en que se dictó, de acuerdo con la Ley No. 20 de 11 de marzo de 1918.

Resta el defecto subsanable de no constar las circunstancias personales de los herederos y aun cuando éstas no aparecen de la declaratoria hecha por el juez era suficiente con la manifestación del heredero que solicitó la inscripción a su favor hecha en el escrito presentado al registrador respecto a sus condiciones personales.

La nota recurrida debe ser revocada en cuanto solo inscribió el derecho hereditario del recurrente y en cuanto a los defectos subsanables que consignó, y en su lugar debe hacerse la inscripción en cuanto a una treinta-ava parte indivisa de la finca a favor del recurrente.

*Revocada la nota recurrida.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Hutchison.