## GARCÍA, RECURRENTE, *v.* EL REGISTRADOR DE PONCE, RECURRIDO.

No. 602.—*Sometido:* Noviembre 28, 1924. *Resuelto:* Enero 29, 1925.

INSCRIPCIÓN—ERRORES EN LA MISMA; CÓMO PUEDEN CORREGIRSE—REGISTRADORES DE LA PROPIEDAD; SUS FACULTADES.—Un registrador de la propiedad carece de facultades por sí solo para anular una inscripción que ha creado un estado de derecho a favor de determinada persona no obstante lo errónea que pueda ser, sin el concurso de dicha persona. Tal facultad corresponde a los tribunales de justicia.

NOTA de *M. Planellas,* R. (Ponce), denegando la inscripción de escritura de venta de finca segregada. *Confirmada.*

*T. Castillo,* abogado del recurrente; el registrador compareció por escrito.

El Juez Presidente Señor del Toro, emitió la opinión del tribunal.

El 17 de octubre de 1905 Juan Camacho vendió a Marcelino García por escritura pública una porción de terreno de treinta y siete céntimos de cuerda que segregó de una finca de dos cuerdas veinte y cinco céntimos que le pertenecía y que tenía inscrita a su nombre en el registro.

Pasaron cerca de veinte años y Domingo García, heredero de Marcelino García, el comprador, presentó la escritura para su inscripción en el registro; no accedió el registrador, basándose en que "la parcela vendida no aparece inscrita a nombre del vendedor y sí en cuanto a una parcela de cuarenta y dos céntimos de cuerda a nombre de Paula García y el resto a nombre de Juan Negrón Díaz," y Domingo García interpuso entonces el presente recurso gubernativo.

En su alegato el recurrente admite la venta de la parcela de cuarenta y dos céntimos de cuerda a Paula García y se refiere a ciertas hipotecas constituídas por el dueño Camacho sobre *el resto* de la finca, describiéndose *dicho resto* como de una cuerda y. cuarenta y seis céntimos de otra, y sostiene que siendo ello así, del registro resulta aún inscrita a nombre del vendedor la porción de 37 céntimos vendida a García y .debe, por tanto, inscribirse a favor de éste a virtud del título presentado.

Tiene razón en su cálculo el recurrente pero él mismo expresa en su alegato que cuando Camacho falleció en 1921, fueron declarados herederos sus hijos y al hacerse la inscripción en el registro el registrador "sin duda por un error involuntario, inscribió a nombre de esos herederos, no el resto descrito e indicado por el causante en las dos escrituras de hipotecas antes citadas, sino que abarcó en esa inscripción a favor de estos herederos, los 37 céntimos que el causante había dejado fuera por razón de haberlos vendido por la escritura que motiva este recurso." Y expresa

además el propio recurrente que los herederos "trasmitieron la finca tal como quedó inscrita a su nombre, a favor de Juan Negrón Díaz," inscribiéndose dicha trasmisión en el registro.

De suerte que, según el mismo recurrente, bien o mal el hecho es que *el resto* de la finca, con excepción de los cuarenta y dos céntimos de cuerda vendidos e inscritos a favor de Paula García, sin excluir los treinta y siete céntimos vendidos al causante del recurrente, se encuentra actualmente registrado a nombre de una persona distinta del vendedor Camacho y que tiene aparentemente el carácter de tercero con respecto al recurrente.

Pero insiste el recurrente en que aún siendo así procede la inscripción, porque se trata de un error material que puede ser rectificado por el propio registrador.

No estamos conformes. En el registro se ha creado un estado de derecho favorable a Juan Negrón Díaz y sólo con su intervención puede alterarse. El registrador por sí solo no puede hoy decidir el caso del recurrente y actuó con razón derecha al negarse a inscribir el documento de acuerdo con lo que prescribe el artículo 20 de la Ley Hipotecaria.

"Hecha una inscripción en el registro de la propiedad," decidió esta corte en el caso de *Bolívar et al.* v. *El Registrador,* 13 D.P.R. 375, "el registrador carece de facultades para anularla sin el concurso y conformidad de los interesados, por ser facultad privativa de los tribunales de justicia." Y aquí si se accediera a las pretensiones del recurrente, la inscripción hecha a favor de Juan Negrón Díaz quedaría anulada en cuanto a treinta y siete céntimos de cuerda.

Igual doctrina se estableció en el caso de *Dávila* v. *El Registrador de Caguas,* 28 D.P.R. 197, 200. Para un estudio más amplio de cuales son los errores que pueden corregirse por el registrador y cuáles no, además del art. 254 y siguientes de la Ley Hipotecaria y los correspondientes del

Reglamento, puede verse el tomo 4, pág. 94 y siguientes de la Legislación Hipotecaria por Galindo.

*Debe confirmarse la nota recurrida.*