FRANCISCA GARCÍA APONTE, ETC., demandantes y apelantes, *v.* EL REGISTRADOR DE LA PROPIEDAD DE SAN JUAN, LIC. EMIGDIO S. GINORIO y ALBERTO E. LUGO, demandados y apelados.

Núm. 6967.—*Sometido:* Marzo 13, 1936.—*Resuelto:* Febrero 26, 1937.

*L. Santiago Carmona,* abogado de los apelantes; *Hon. Procurador General B. Fernández García* y *T. Torres Pérez, Subprocurador,* abogados del Registrador apelado; *Manuel Cruz Orta,* abogado del apelado Sr. Lugo.

EL JUEZ ASOCIADO SEÑOR WOLF emitió la opinión del tribunal.

Se trata de un caso en que el registrador de la propiedad se negó a acceder a cierta petición de los apelantes. El registrador fué de opinión que cualesquiera correcciones que en sus libros pudieran hacerse requerirían la intervención de la corte de distrito. En su consecuencia los apelantes radicaron un pleito contra el registrador de la propiedad. La

Corte de Distrito de San Juan fué del criterio de qué el único remedio que tenían los apelantes era un recurso gubernativo para ante este tribunal, y citó el caso de *Meléndez* v. *Cuchí,* 15 D.P.R. 658. Ese caso tan sólo resolvió que no procedía un *mandamus* contra un Registrador por negarse a inscribir una sentencia, toda vez que existía un remedio claro y adecuado en el curso ordinario de la ley, o sea, el recurso gubernativo. No resolvimos que un remedio extraordinario excluía un remedio ordinario; ni tampoco decidimos que un recurso gubernativo debe preferirse a un pleito ordinario ante la corte de distrito. Todo lo contrario es lo cierto cuando han de hacerse correcciones en el registro de la propiedad, bien sea por defectos que son aparentes en el registro, o por algún otro motivo. Siempre hemos sido de opinión de que por regla general cualquier cosa que pueda hacerse mediante un recurso gubernativo para corregir los asientos del registro puede lograrse mediante un pleito entre las partes mismas o por una de ellas contra el registrador. En un caso adecuado, las personas que tengan intereses opuestos, de ser conocidas, deben incluirse como partes.

En este caso los apelantes eran los dueños de una segunda hipoteca sobre una finca y de una primera hipoteca sobre la casa en ella construída, de aceptar como ciertos los hechos de la demanda. El deudor cayó bajo la jurisdicción de la corte federal por razón de su quiebra. El juez de quiebras (*referee in bankruptcy*) ordenó la venta de las fincas hipotecadas libres de todo gravamen y los bienes fueron así vendidos. Fué tan sólo entonces, según la demanda, que se notificó a los demandantes de la propuesta confirmación de la venta. Se quejan de que no fueron notificados de los procedimientos originales habidos para la venta de la propiedad. La venta fué confirmada y el juez de quiebras ordenó la cancelación de las hipotecas a que se ha hecho referencia en este caso, orden que fué debidamente inscrita. Entonces los apelantes solicitaron del registrador que reinstalara en los libros del registro sus créditos hipotecarios.

J Somos del criterio de que los hechos deben ser investigados por la corte de distrito y a menos que se presenten otras defensas adecuadas, debe darse a las partes la oportunidad de corregir los asientos.

Tenemos algunas dudas con los apelantes respecto a si el procedimiento en la corte federal quedó completo, no estándo los apelantes notificados de la venta antes de efectuarse la misma, conforme ellos indican en su alegato. También tenemos algunas dudas respecto al procedimiento en la corte federal a virtud del cual se vendió o trató de vender esta propiedad.

*Debe revocarse la sentencia apelada y devolverse el caso para ulteriores procedimientos no inconsistentes con esta opinión.*

Los Jueces Asociados Señores Córdova Dávila y Travieso no intervinieron.