MERCEDES DE LA TORRE, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE SAN JUAN, SECCIÓN SEGUNDA, recurrido.

Núm. 1079.—*Sometido:* Noviembre 14, 1940. *Resuelto:* Noviembre 30, 1940.

*Arturo O'Neill,* abogado de la recurrente; el registrador recurrido no compareció.

El Juez Asociado Señor De Jesús emitió la opinión del tribunal.

En un pleito en cobro de dinero seguido en la Corte de Distrito de San Juan por The National City Bank of New York contra Mercedes de la Torre, recayó sentencia el 11 de junio de 1932 condenando a la demandada a pagar al demandante cierta cantidad de dinero. Ocho años más tarde, el 28 de mayo de 1940, el Banco demandante, acogiéndose a la ley proveyendo la forma de establecer gravámenes por sentencias, etc. (Comp. 1911, pág. 882), presentó al Registro de la Propiedad de San Juan, Sección Segunda, un extracto de la aludida sentencia y previo pago de los derechos correspondientes, obtuvo la inscripción de la misma en el Registro de Sentencias.

El 2 de octubre último, Doña Mercedes de la Torre presentó un escrito en el mismo registro, en el que alega que la sentencia en cuestión había ya caducado al solicitarse su inscripción en el Registro de Sentencias, por haber transcurrido con exceso el término de cinco años a que se refiere el artículo 243 del Código de Enjuiciamiento Civil, terminando dicho escrito con la siguiente súplica:

"Por todo lo que la peticionaria solicita del Registrador de la Propiedad de San Juan, Sección Segunda, se sirva ordenar la cancelación en los libros correspondientes, del gravamen que pesa o podría pesar sobre sus bienes presentes y futuros, *mediante la cancelación de la inscripción de la sentencia* en el caso número 14908 anteriormente reseñado." (Bartardillas nuestras.)

Denegó el registrador la cancelación solicitada, fundándose en que el plazo de cinco años a que se refiere el inciso *d* de la sección 1 de la Ley núm. 2 de 29 de agosto de 1923 (Legislatura Extraordinaria, pág. 37), titulada "Ley regu-

lando el procedimiento para la cancelación de gravámenes, etc.'', empieza a contarse desde que el gravamen queda constituído en el registro, invocando en su apoyo el caso de *Suárez* v. *Registrador,* 52 D.P.R. 878, y que como la sentencia en cuestión fué inscrita en el año 1940, no ha transcurrido dicho término, y por consiguiente no procede la cancelación solicitada.

Recurrió la Sra. De la Torre para ante este tribunal, insistiendo en que de acuerdo con el artículo 243 del Código de Enjuiciamiento Civil la sentencia quedó ineficaz al expirar los cinco años de haber sido registrada en la secretaría de la corte sentenciadora, que siendo ineficaz la sentencia, su inscripción no podía surtir efecto legal alguno, y que procedía por tanto su cancelación de acuerdo con el artículo 79 de la Ley Hipotecaria y el 132 de su reglamento.

■■ La parte pertinente de la sección 1 de la ley invocada por el registrador prescribe:

"Sección 1. Los registradores de la propiedad, a instancia escrita de parte o de su representante, autenticada ante notario, procederán a cancelar en el Registro:

" *     *     *     *     *     *     *

" *d.* Los gravámenes por razón de sentencias *que tengan más de cinco años de constituídos en el Registro,* si este lapso de tiempo no fuere prorrogado por orden de la corte competente, sin que en caso alguno esta prórroga pueda exceder de cinco años.'' (Bastardillas nuestras.)

En su alegato, la recurrente puntualiza más su contención y busca apoyo en aquella parte del artículo 79 de la Ley Hipotecaria que dice:

"Art. 79. Podrá pedirse, y deberá ordenarse en su caso, la cancelación total:

" *     *     *     *     *     *     *

"2. Cuando se extinga también por completo el derecho inscrito . . .''

El inciso 2 que acabamos de transcribir, claramente se refiere a un derecho válido al tiempo de inscribirse, pero que

luego se extingue por alguna condición o circunstancia que de acuerdo con los términos en que se constituyó produce su extinción, como, por ejemplo, la muerte de la persona a cuyo favor se hubiere inscrito un derecho de usufructo o el cumplimiento de una condición resolutoria.

En el presente caso lo que sostiene la recurrente es que la inscripción era nula *ab initio,* que nunca tuvo vida legal, porque cuando se practicó, los efectos de la sentencia se habían extinguido por haber transcurrido con exceso el plazo de cinco años a que se refiere el citado artículo 243. En otras palabras, no se trata en este caso de corregir un error en la inscripción, sino de que el registrador, por su propia cuenta y sin oír a la parte a cuyo favor se inscribió la sentencia, declare nula la inscripción ya practicada y firmada y proceda a cancelarla. Tal declaración no puede hacerla el registrador, por ser de la exclusiva incumbencia de los tribunales, como se consigna en la Resolución de la Dirección General de los Registros, de 21 de junio de 1899.

En la Resolución de 8 de junio de 1896 dictada por el mismo Centro administrativo, interpretando los artículos 77 al 82 y 254 al 264 de la Ley Hipotecaria y sus concordantes del reglamento, se dijo:

"Considerando que las cuestiones sobre validez o nulidad de las operaciones practicadas en los libros del Registro de la Propiedad sólo pueden ser resueltas por los tribunales, a cuyo amparo están los asientos extendidos en dichos libros, según repetidas resoluciones de este Centro. . . . ."

En otra resolución, de 29 de noviembre de 1897, el mismo Centro volvió a expresarse así:

Considerando que este último asiento, mientras no se cancele, produce todos sus efectos respecto a tercero, con arreglo a la doctrina de la Ley Hipotecaria, declarada reiteradamente por esta Dirección, según la cual los asientos del Registro, *aunque se hayan practicado irregularmente y con infracción de los preceptos legales,* se reputan válidos mientras los tribunales no declaren, a instancia de parte, su nulidad." (Bastardillas nuestras.)

La doctrina no es nueva en esta jurisdicción. En el caso de *García v. Registrador,* 33 D.P.R. 950, 952, citando con aprobación del de *Bolívar et al.* v. *Registrador, infra,* se dijo por este tribunal:

" 'Hecha una inscripción en el Registro de la Propiedad,' decidió esta Corte en el caso de *Bolívar et al.* v. *Registrador,* 13 D.P.R. 375, 'el Registrador carece de facultades para anularla sin el concurso y conformidad de los interesados, por ser facultad privativa de los tribunales de justicia.' "

Véanse al mismo efecto *Dávila v. Registrador,* 28 D.P.R. 197, 200, y *García v. Registrador,* 51 D.P.R. 54.

Dada la conclusión a que hemos llegado con respecto a la falta de facultades en el registrador para declarar nula y cancelar una inscripción practicada y firmada, no es necesario que interpretemos el artículo 243 del Código de Enjuiciamiento Civil invocado por la recurrente, pues cualquiera que fuere el efecto legal de dicha inscripción, no puede el registrador cancelarla sin una orden del tribunal competente, que es donde debe recurrirse, para que en juicio plenario y con audiencia de todas las partes interesadas, se resuelva la cuestión.

*Procede, por lo expuesto, desestimar el recurso y confirmar la nota recurrida.*