FABRICIANO DÍAZ y su esposa CARMEN RODRÍGUEZ, recurrentes, *v.* EL REGISTRADOR DE LA PROPIEDAD DE SAN JUAN (SECCIÓN SEGUNDA), recurrido.

Núm. 1234.—*Sometido:* Enero 10, 1949. *Resuelto:* Febrero 10, 1949.

*Carlos D. Vázquez* y *Arnaldo P. Cabrera,* abogados de los recurrentes; el registrador recurrido no compareció.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tribunal.

En aseguramiento de la efectividad de la sentencia que pudiera recaer en una acción de cobro de dinero entablada por Fabriciano Díaz y su esposa Carmen Rodríguez contra Tiburcio Pagán, el Tribunal de Distrito de San Juan dictó una orden de embargo sobre bienes del demandado y ordenó al secretario librara mandamiento al Registrador de la Pro-

piedad de San Juan, Sección Segunda, para que se anotara en los libros del Registro el embargo de la siguiente propiedad del demandado:

"A—Casa de madera, semi-alta cobijada de zinc y cartón con balcón, número 14 de la calle Mira Flores, de unos 16 pies de frente por unos 34 pies de fondo, con su verja de concreto al frente.

"B—Casa de madera, media agua, detrás de la anterior de madera cobijaba de cartón de unos 7 pies de frente por 12 pies de fondo.

"Estas dos casas radican en la calle Mira Flores de Santurce, Sur, San Juan, Puerto Rico, en terrenos del Pueblo de Puerto Rico y colindan al Norte con Ramón Toledo, al Sur con la calle Mira Flores; al Este con Lorenzo Trinidad y al Oeste con Juan Torres."

El secretario hizo constar en el mandamiento que la propiedad objeto del embargo no se halla inscrita en el Registro de la Propiedad ni a favor del demandado ni de ninguna otra persona.

Presentado al Registro el registrador el 10 de marzo de 1948, anotó el embargo en esta forma:

"Anotado este embargo a los folios 102 y 108 del tomo 124 de Santurce Sur, fincas 4451 y 4452, anotaciones A, con los defectos subsanables de no estar inscritas las dos fincas a nombre del demandado y de no acompañarse o insertarse copia de la demanda. San Juan, a 10 de marzo de 1948."

El 21 de abril de 1948 el registrador, sin intervención de parte, rectificó la nota anterior del modo siguiente:

"Denegado el embargo que refiere el documento por no identificarse el solar donde radica la casa embargada y de poder identificarse, no consta que el dueño del solar haya prestado su consentimiento para edificar en el mismo, tomándose en su lugar anotación preventiva por el término legal. . ."

Para revisar esta actuación se radicó el presente recurso gubernativo. Por haber ocurrido varios cambios en el cargo de Registrador de la Sección Segunda del Registro de la Propiedad de San Juan, no hemos tenido el beneficio de un alegato sosteniendo la nota recurrida, aun cuando el registrador sustituto solicitó y se le concedió prórroga para hacerlo.

■■ El artículo 254 de la Ley Hipotecaria autoriza a los registradores a rectificar por sí y bajo su responsabilidad ciertos errores materiales cometidos; el artículo 255 dispone cuáles errores materiales no podrán ser rectificados por los registradores sin la conformidad del interesado o sin una providencia judicial y el 256 dispone que los errores de concepto cometidos en inscripciones, anotaciones o cancelaciones, o en otros asuntos referentes a ellas, cuando no resulten claramente de las mismas, no se rectificarán sin el acuerdo unánime de todos los interesados y del Registrador, o una providencia judicial que lo ordene. El artículo 259(¹) define lo que se entenderá por un error material y el 260(²) lo que constituye un error de concepto.

La rectificación que en el presente caso hizo el registrador recurrido al denegar la anotación del embargo ordenado por la corte, cuando previamente ya había hecho dicha anotación, no puede considerarse como la rectificación de un error material que él pudiera hacer por sí y bajo su responsabilidad, de acuerdo con el artículo 259, supra. Tampoco se trata de un error de concepto bajo el artículo 260, supra, que pudiera rectificarse, aun con el consentimiento de todos los interesados. Véanse *Dávila* v. *El Registrador de Caguas*, 28 D.P.R. 197 y *García* v. *Registrador*, 33 D.P.R. 950, 952.

La anotación del embargo ordenado por la corte creó una situación de derecho en el registro que no podía ser cancelada o dejada sin efecto por medio de una rectificación denegando la anotación, *García* v. *Registrador*, supra; ya que, según el

---

(¹)"Artículo 259.—Se entenderá que se comete error material, para el efecto de los anteriores artículos, cuando sin intención conocida se escriban unas palabras por otras, se omita la expresión de alguna circunstancia cuya falta no sea causa de nulidad, o se equivoquen los nombres propios o las cantidades al copiarlas del título, sin cambiar por eso el sentido general de la inscripción ni el de ninguno de los conceptos."

(²)"Artículo 260.—Se entenderá que se comete error de concepto cuando, al expresar en la inscripción algunos de los contenidos en el título, se altere o varíe su sentido, sin que esta falta produzca necesariamente nulidad, conforme a lo prevenido en el artículo 30."

párrafo tercero del artículo 82 de la Ley Hipotecaria: "Las inscripciones o anotaciones hechas en virtud de mandamientos judiciales no se cancelarán sino por providencia ejecutoria que tenga las circunstancias prevenidas en el párrafo primero de este artículo."

Aun cuando el recurrente en su alegato discute los errores en que a su juicio incurrió el registrador al denegar la anotación, consideramos innecesario considerarlos pues habiendo llegado a la conclusión de que carecía de facultad para rectificar la anotación original procede la revocación de la nota recurrida por ese solo fundamento.

*Se revoca la nota de rectificación de anotación de embargo hecha por el registrador el 21 de abril de 1948, debiendo subsistir en el registro la anotación realizada el 10 de marzo de 1948.*