L. Dershowitz & Co., Inc., recurrente, *v.* El Registrador de la Propiedad de Bayamón, recurrido.

*Número:* O-73-466        *Resuelto:* 31 de marzo de 1975

*Frank Carbó* y *Víctor J. Pagán,* abogados de la recurrente; la Registradora recurrida compareció por escrito.

Per Curiam: La recurrente presentó en el Registro de la Propiedad de Bayamón el 8 de agosto de 1972 documentos para anotar un embargo sobre un inmueble perteneciente a Carlos Quiñones con el propósito de ejecutar una sentencia dictada a su favor. No acompañó copia certificada de la sentencia. La Registradora dispuso del asunto con la siguiente nota: "Susp. la pres. por falta de doc. comp. Ley 73/58 [30 L.P.R.A. 44] Bayamón Agosto 31/72." La Registradora, pues, suspendió la presentación por falta de documento complementario. La Registradora admite que actuó erróneamente. Véase *Ruíz-Sierra* v. *Registrador,* 103 D.P.R. 578 (1975). Pero como veremos más adelante esta actuación no es factor determinante en la adjudicación del presente recurso. Estando suspendida la presentación de los documentos, se presentó en el Registro el 5 de noviembre de 1973 para inscripción la escri-

tura Núm. 108 de 12 de mayo de 1972 otorgada ante el Notario Benjamín Cintrón Rodríguez, mediante la cual Carlos Quiñones vendió el inmueble sobre el cual se trataba de trabar el embargo a Gonzalo y Ana Jusino.

La recurrente retiró el 29 de noviembre de 1973 los documentos presentados el 8 de agosto de 1972, para presentarlos nuevamente el mismo día 29 de noviembre acompañados entonces de la copia certificada de la sentencia según se lo había requerido la Registradora. (¹)

La Registradora denegó la inscripción del embargo por estar la finca inscrita a nombre de Gonzalo y Ana Jusino, personas diferentes a los demandados.

Estuvo correcta la actuación de la Registradora al denegar la anotación del embargo solicitada el 29 de noviembre. Habiendo retirado la recurrente los documentos presentados el 8 de agosto de 1972 la escritura de venta a favor de Gonzalo y Ana Jusino presentada al Registro el 5 de noviembre de 1973 adquirió precedencia sobre los documentos presentados por la recurrente el 29 de noviembre de 1973.

La recurrente sostiene que la Registradora debió cancelar la inscripción de la compraventa que hizo Carlos Quiñones a favor de Gonzalo y Ana Jusino. Alega que esa venta fue en fraude de acreedores por haber sido hecha con posterioridad a la fecha en que se dictó la sentencia en contra de Quiñones.

Es principio reconocido de derecho hipotecario que "El Registrador al calificar no puede fundarse en lo que no conste en los títulos presentados y en el contenido del Registro, de suerte que, salvo el Derecho aplicable, en funciones de calificación no existen para el Registrador sino estos dos elementos, y ninguno más." Roca Sastre, *Derecho Hipotecario*, Tomo 2, pág. 262 (Ed. 1968).

---

(¹) La recurrente sostiene que tenía que retirar los documentos y presentarlos de nuevo para poder recurrir ante este Tribunal para revisar la actuación de la Registradora.

En *Iglesia Católica, etc.* v. *Registrador,* 59 D.P.R. 110 (1941), expresamos: "Practicada y firmada una inscripción en los libros del registro a su cargo, el Registrador de la Propiedad carece de facultad para anularla y cancelarla por ser ello facultad privativa de los tribunales." Ver además: *De la Torre* v. *Registrador,* 57 D.P.R. 681 (1940); *García* v. *Registrador,* 33 D.P.R. 950, 952 (1925); *Dávila* v. *El Registrador de Caguas,* 28 D.P.R. 197, 200 (1920); *Bolívar* v. *Registrador,* 13 D.P.R. 375 (1907).

*Se confirmará la nota recurrida.*