CASANOVAS ET AL., DEMANDANTES Y APELADAS, *v.* EL MUNICIPIO DE MAYAGÜEZ ET AL., DEMANDADOS Y APELANTES.

APELACIÓN procedente de la Corte de Distrito de Mayagüez en recurso de *certiorari.*

No. 2775.—Resuelto en diciembre 15, 1922.

*Certiorari* CONTRA ORGANISMOS Y FUNCIONARIOS MUNICIPALES.—De acuerdo con el artículo 65 de la Ley Municipal de 1919 el remedio de *certiorari* que allí se concede alcanza a los actos legislativos o administrativos de los organismos y funcionarios municipales, sin estar circunscrito conforme a la regla general de la jurisprudencia americana a los actos judiciales o cuasi judiciales.

SOLARES CONCEDIDOS POR LOS MUNICIPIOS.—La caducidad de la concesión de solares por los municipios se regirá por la ley vigente al tiempo. de gestionarse aquélla.

ORDENANZA MUNICIPAL INCONSTITUCIONAL. — Las ordenanzas que restringen los usos inherentes al dominio sin establecer una regla perfectamente definida y dejando la restricción al arbitrio de las autoridades del municipio son anticonstitucionales ya que pueden dar lugar a privilegios y al ejercicio de poderes por dichas autoridades en contravención a la Constitución.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. A. A. Vázquez.*

Abogado de las apeladas: *Sr. A. Arnaldo.*

EL JUEZ ASOCIADO SR. FRANCO SOTO, emitió la opinión del Tribunal.

En 14 de septiembre de 1921 la Asamblea Municipal de Mayagüez adoptó una ordenaza por la cual declaró extinguidas las concesiones de los menores Antonio, Ramón, Pedro, Jaime y José María Vicens y Casanovas para edificar en dos solares que pertenecen a los ejidos de la ciudad de Mayagüez.

La ordenanza dice:

"Por cuanto: De acuerdo con los artículos 189 y 191 de las primeras ordenanzas municipales para la ciudad de Mayagüez, aprobadas en el año 1890, los cesionarios de solares de ejidos al destruirse el edificio o edificios construídos sobre los mismos quedaba extinguida la concesión superficiaria que les había sido concedida; y

"Por cuanto: La ordenanza aprobada por el Concejo Municipal de Mayagüez, P. R., en el año 1908, concedía un plazo de seis meses (6) para que el cesionario reedificara el edificio construído sobre un solar de ejido, perdiendo el poseedor todo derecho si no lo hiciere dentro del plazo señalado;

"Por cuanto: El edificio conocido por la Mallorquina, propiedad de la sucesión de don Antonio Vicens y Magraner, construído sobre dos solares de ejidos, fué destruído por un incendio el día 16 de septiembre de 1920, y los concesionarios han dejado transcurrir más de seis meses (6) sin haber reconstruído el edificio ni haber solicitado prórroga para ello, ni presentado planos, ni presupuesto alguno, dejando en completo abandono dicho solar en perjuicio de los intereses municipales y del ornato público;

"Por cuanto: La Ley Municipal de 1912, según fué enmendada por la Ley de 1920 no es aplicable a este caso, porque estas concesiones fueron hechas con anterioridad a dichas fechas;

"Por cuanto: La Municipalidad de Mayagüez, P. R., no queriendo dejar de oír a los actuales concesionarios la sucesión Vicens les notificó la iniciación de un expediente de caducidad de concesión y señaló una vista pública a petición de los mismos para que comparecieran a exponer razones;

"Por cuanto: En la sesión celebrada por la Asamblea Municipal de Mayagüez, P. R., en la noche del día 13 de septiembre de 1921 se celebró la vista pública para oír a los concesionarios Vicens y éstos comparecieron por su abogado Lcdo. Alfredo Arnaldo y Sevilla, limitándose solamente a hacer argumentaciones orales sobre el derecho de los concesionarios a seguir en el uso y servidumbre de dichos solares;

"Por tanto: Resuélvase por la Asamblea Municipal de Mayagüez, P. R.

"Sección 1.—Declarar como declara por la presente finida la concesión que los menores Vicens tuvieron como concesionarios de los solares que se describen a continuación:    (Se describen.)

"Sección 2.—Requerir como por la presente se requiere al Registrador de la Propiedad de Mayagüez, P. R., para que proceda a cancelar las inscripciones de los solares a que se ha hecho referencia en la primera sección de esta resolución, dejando libre y a disposición del Municipio de Mayagüez, P. R., los expresados solares.

"Sección 3.—Esta resolución empezará a regir inmediatamente por existir circunstancias extraordinarias y derogará todo otro acuerdo o resolución municipal que estuviere en conflicto con ella.

"Sección 4.—Notifíquese por el Secretario a la sucesión de don Antonio Vicens y Magraner y expídase copia certificada al Sr. Registrador de la Propiedad para la cancelación de la inscripción que se dispone en la presente, que aparece a nombre de don Antonio Vicens y Magraner, compuesta de sus hijos Antonio, Ramón, Pedro Jaime y José María Vicens y Casanovas."

Antes de ser aprobada la anterior ordenanza, el Concejo de Administración había declarado finida la concesión que tenían dichos menores pero posteriormente dejó sin efecto su resolución por entender que no se había ajustado al requerimiento del artículo 54 de la Ley Municipal, tal como quedó enmendada por la Ley de 12 de mayo de 1920. El caso entonces pasó a la Asamblea Municipal, quien lo resolvió mediante la ordenanza arriba transcrita.

No conformes los concesionarios con aquella ordenanza, presentaron a la Corte de Distrito de Mayagüez una solicitud de *certiorari* y dicha corte, después de expedir el auto y oir a las partes, dictó una orden por la que declara nula la ordenanza de la asamblea municipal de 14 de septiembre de 1921, y disponiendo que en su lugar se dictare otra por la que se requiera a los peticionarios para que dentro de un plazo razonable procedan a reedificar en los solares de que son concesionarios, con el apercibimiento que de no hacerlo en el plazo que al efecto se les conceda, será declarada la caducidad o finidad de la concesión que poseen.

De esa orden se ha interpuesto el presente recurso de apelación que pende ante nos para su resolución.

Los apelantes consignan en su alegato como errores:

"I. La corte erró al desestimar la excepción previa de indebida acumulación de parte demandada.

"II. La corte erró al desestimar la excepción previa de que la solicitud no aduce hechos suficientes para determinar una causa de acción, ni para la expedición de un auto de *certiorari.*

"III. La corte erró al desestimar la excepción de que la acción, en cuanto a la asamblea municipal, estaba prescrita.

"IV. La corte cometió error al declarar con lugar la solicitud de *certiorari* estimando el caso comprendido en las prescripciones del artículo 54 de la vigente Ley Municipal.

"V. La corte erró al denegar la moción de reconsideración presentada por la parte demandada.

"VI. La corte erró al desestimar la moción de la parte demandada por la cual ésta solicitó que se declarara nulo todo lo actuado."

Examinemos los errores apuntados por su orden de importancia.

Los señalados con los números II y IV versan sobre la misma materia toda vez que tienden a demostrar la inaplicación del artículo 54 de la ley estableciendo un gobierno local y reorganizando los servicios municipales tal como quedó enmendado por la ley Núm. 9, aprobada en mayo 12 de 1920.

Se alega por el apelante al discutir dichos errores que el recurso de certiorari no procede en este caso porque los demandantes antes que la asamblea municipal dictara la ordenanza cuya nulidad se pide, fueron citados y oídos por dicha asamblea y ésta resolvió el caso por los hechos y la prueba. Pero cualquiera que haya sido la forma en que haya actuado la asamblea municipal al dictar la ordenanza, el caso siempre quedaría comprendido en el artículo 65 de la Ley Municipal de 1919, el cual faculta a todo querellado a utilizar el recurso de *certiorari,* si la asamblea municipal por cualquier acto legislativo o administrativo lesiona derechos constitucionales o sean contrarios a la Ley Orgánica o las leyes de Puerto Rico.

Los términos de la disposición anterior demuestran que fué la intención de la legislatura extender el alcance del re-

curso de *certiorari* en asuntos municipales sin limitarlo a lo que en general la jurisprudencia de los tribunales americanos había sentado como regla invariable circunscribiendo dicho recurso extraordinario a la revisión de ordenanzas en las que al decretarlas los miembros de una corporación municipal actúan judicialmente o de un modo *quasi* judicial.

La cuestión ahora que resulta envuelta y que pasamos a resolver es si la asamblea municipal violó o no las reglas que establece el artículo 54 de la vigente Ley Municipal, tal como quedó enmendada en mayo 12 de 1920 en relación con la caducidad de concesiones sobre ejidos de la ciudad de Mayagüez, caso de ser aplicable dicha ley.

Se alega en la petición que los solares descritos en la ordenanza municipal forman parte del terreno cedido, el 20 de agosto de 1760, por Juan de Aponte y Juan de Silva, para ejidos y edificación del pueblo de Mayagüez y la cesión de sus terrenos fué hecha a Mayagüez sin imposición de condición, ni limitación ninguna; que el solar radicado en la calle de Once de Agosto esquina a la de Federico Degetau fué cedido a José Prats en 21 de julio de 1866, sin ninguna limitación, ni condición; que no consta en qué condiciones se hizo la concesión del solar radicado en la calle de Santiago R. Palmer esquina a la de Federico Degetau, pero resulta de la certificación de la inscripción de la testamentaría de don Ramón Bello que se inscribió el dominio de dicho solar; que por sucesivas transmisiones los edificios existentes en los solares pasaron a los peticionarios y fueron destruídos por un incendio el 16 de septiembre de 1920; que la Asamblea Municipal de Mayagüez no ha requerido a los menores Vicens y Casanovas, ni a ninguna persona que los hubiera podido representar, para que como cesionarios de los solares reedifiquen las casas destruídas que existieron en ellos, ni les ha concedido plazo ninguno para la reedificación de dichas casas; que la ordenaza adoptada por la asamblea municipal declarando la caducidad de las concesiones que tienen los me-

nores Vicens y Casanovas para edificar en los dos solares que a ella se refiere se fundan en las ordenanzas de Mayagüez de 1890 y 1908; pero como los solares fueron cedidos para edificios mucho antes de 1890 y antes de esta fecha fueron edificadas las casas que en ellos existieron y dichas casas fueron destruídas en 16 de septiembre de 1920, esas ordenanzas de 1890 y 1908 no son aplicables y que la ley aplicable es la Ley Municipal de 1920.

Los fundamentos legales que se consignan en la ordenanza para sostenerla, descansan en las primeras ordenanzas municipales que tuvo la ciudad de Mayagüez, aprobadas el 27 de febrero de 1890 y en la aprobada en febrero 28 de 1908 por el concejo municipal de dicha ciudad.

Los artículos 189 y 191 de las ordenanzas de 1890, dicen así:

"Art. 189.—El Ayuntamiento puede conceder el derecho de superficie para edificar sobre ellos (se refiere a solares de Ejidos) graciosamente, o mediante precio, atenidas las circunstancias."

"Art. 191.—El derecho de superficie sobre dichos solares, cesa y se extingue por la destrucción total o parcial de las cuatro quintas partes de la finca superficiaria."

Y la sección 2ª de la aprobada en 1908, textualmente dice:

"Sección 2.—Los dueños de solares de Ejidos deberán fabricar dentro de los seis meses de haberse destruído o derribado el edificio construído en los mismos, perdiendo el poseedor todo derecho si no lo fabricaba en el término indicado."

En marzo 7 de 1912, se aprobó una ley autorizando a las municipalidades la concesión de solares; proveyendo a la reconstrucción de los mismos y para otros fines, y en la sección 6 de dicha ley, se prescribe:

"Sección 6.—Nada de lo contenido en esta Ley se interpretará en el sentido de incluir concesiones de terrenos de los cuales se hubiere hecho donación hasta la fecha a los municipios bajo condiciones que específicamente dispongan el uso que haya de hacerse de los mismos, en los cuales casos las condiciones impuestas por el donante así como cualesquiera condiciones impuestas por el municipio

serán estrictamente cumplidas; *Disponiéndose, sin embargo,* que la concesión del uso de terrenos situados en la zona urbana de un municipio, que con anterioridad se hubieren donado o en lo sucesivo se donaren a un municipio, sin imposición de condición alguna específica que acompañe a la donación, se regirá en lo sucesivo por las disposiciones de esta Ley.''

Como la concesión de solares a que se refiere la ordenanza de 14 de septiembre de 1921, se hizo en su origen sin condición alguna que acompañara a la concesión, resulta bien definido y claro, en virtud de lo que se dispone por la sección de la ley anterior citada, que las primeras ordenanzas de la ciudad de Mayagüez de 1890 y la de 1908, que se citan por la asamblea municipal como aplicables, quedaron derogadas por la razón de que todas las concesiones que se habían verificado con anterioridad a la fecha de la ley de 7 de marzo de 1912, o por lo menos en cuanto al presente caso, sin que se hicieran imponiendo condición alguna, quedaban sujetas por el proviso de dicha ley a las prescripciones y regulaciones que para la reconstrucción de edificios se prevé en las secciones 1ª y 2ª de la misma ley.

Más luego vino la ley estableciendo un sistema de gobierno local, que fué aprobada en 31 de julio de 1919, y por esta ley, artículo 71, apartado 2°, se deja en vigor la de marzo 7 de 1912, con la diferencia de que las facultades y deberes que estaban conferidos al concejo municipal pasaban a la asamblea municipal. Después, la ley estableciendo un sistema de gobierno local, aprobada en julio 31 de 1919, fué enmendada en mayo 12, 1920, y el artículo 54 de aquella ley, tal como fué enmendado, literalmente dice:

''Art. 54.—La asamblea municipal podrá, a petición, conceder solares a perpetuidad, para la construcción de casas en los mismos, en las condiciones que fije aquélla en ordenanza aprobada al efecto; y, una vez concedido un solar como queda dicho, tendrá el dueño de la casa construída en él, el uso de dicho solar durante todo el tiempo que mantuviere allí un edificio en buenas condiciones, de acuerdo con los reglamentos establecidos en dicha ordenanza.

"Las asambleas municipales deberán especificar en las concesiones que otorgaren los derechos respectivos del cedente y del cesionario o sus sucesores respecto a la propiedad de los edificios, su reconstrucción en los casos en que fueren destruídos o deteriorados y cuanto no se opusiere a lo preceptuado en esta Ley.

"La cesión se hará necesariamente mediante ordenanza o resolución adoptada por la mayoría del número total de miembros de la asamblea; siendo entendido que no se tomará en consideración solicitud ninguna si el peticionario no la acompaña con los planos y presupuestos para el edificio que se haya de construir sobre el solar solicitado, de modo que la asamblea pueda darse cuenta de la obra al acordar la concesión.

"El incumplimiento por parte del concesionario de las condiciones impuestas por la resolución de la asamblea municipal, referente a cada concesión, se considerará como suficiente para la revocación de dicha concesión por el municipio, si el concesionario, a réquerimiento de la asamblea municipal interesada, no procediere a subsanar la omisión o infracción dentro del plazo razonable que al efecto se le conceda por la misma.

"Cuando la asamblea municipal estimare llegado el caso de tratar de la caducidad de una de estas concesiones, se citará al concesionario, con antelación de un mes por lo menos, para que comparezca ante la asamblea a la defensa de sus derechos, en sesión que al efecto se celebrará. Oído que sea el interesado, la asamblea resolverá dentro de ley y de conformidad con los hechos de la prueba; y la resolución que adopte será firme, si el concesionario no acude en el término de treinta días de notificársele la resolución, estableciendo la oportuna demanda ante la corte de distrito del distrito a que el municipio pertenezca; y visto de nuevo el caso en dicha corte la decisión de ésta será definitiva.

    *        *        *        *        *        *        *

"Nada de lo contenido en esta Ley se interpretará en el sentido de incluir concesiones de terrenos de los cuales se hubiere hecho donación a los municipios bajo condiciones que específicamente dispongan el uso que haya de hacerse de los mismos, en los cuales casos las condiciones impuestas por el donante así como cualesquiera condiciones impuestas por el municipio serán estrictamente cumplidas; *Disponiéndose, sin embargo,* que la concesión del uso de terrenos situados en la zona urbana de un municipio, que con anterioridad se hubieren donado o en lo sucesivo se donaren a un municipio, sin imposición de condición alguna específica que acompañe a la dona-

ción, se regirá en lo sucesivo por la ley en vigor al tiempo de la donación.

*       *       *       *       *       *       *

De un estudio comparativo del artículo 54 que se acaba de insertar y la Ley Núm. 40, aprobada en marzo 7 de 1912, a que antes nos hemos referido, se puede ver que el artículo 54 enmendado sigue casi textualmente la ley de 1912 y que la disparidad que podríamos llamar esencial consiste en el proviso de ambas leyes, disponiéndose en la de 1912 que la concesión que con anterioridad o en lo sucesivo se donaren a un municipio, sin imposición de condición alguna específica que acompañe a la donación se regirá en lo sucesivo por las disposiciones de dicha ley, mientras que por la enmienda de 1920 la ley que ha de regir en tales casos será la ley en vigor al tiempo de la concesión.

Admitido que la donación de terrenos al municipio de Mayagüez, de la que traen causa los peticionarios, se hizo sin imposición de condición específica que acompañara a la concesión y no alegándose por la asamblea municipal que existiera ordenanza al tiempo de la donación que regulara las edificaciones de solares en ejidos de la ciudad, así como tampoco su reconstrucción en caso de destrucción, claramente resulta que la ley que debemos aplicar en cuanto a tales regulaciones es la ley de 12 de mayo de 1920 por la que se enmendó el artículo 54 de la ley de 1919. La consecuencia es que destruídos los edificios de los peticionarios por un incendio en 16 de septiembre de 1919, estamos en el caso de una reconstrucción y para ello deben aplicarse las reglas que señala el citado artículo 54 tal como fué enmendado, y el que, entre sus regulaciones, prescribe la concesión de un plazo razonable para la reedificación de acuerdo con la presentación de planos. Naturalmente que no se trata de una nueva concesión y se debe partir del principio que la concesión es un derecho adquirido de superficie y en tal caso se haría indispensable el requerimiento a los peticionarios por la asamblea municipal.

para que se reedificara dentro del tiempo razonable que se concediera bajo la conminación de declarar la caducidad en la forma que el mismo artículo 54 determina.

A la luz de lo que se acaba de exponer, la ordenanza de la Asamblea Municipal de Mayagüez no ya cumple con el artículo 54 de la ley de 1920 declarándolo inaplicable, sino que hace aplicación de ordenanzas que al mismo tiempo de no estar en vigor no responden a reglas de un carácter general y uniforme y la negativa dependería más bien de la voluntad arbitraria de los funcionarios municipales que de su discreción como resultante del cumplimiento de reglas que como las establecidas por el artículo 54 garantizan en sus respectivos derechos tanto al cedente como al cesionario.

"Es claro que si una corporación municipal aprueba una ordenanza que por su faz restringe el derecho de dominio que una persona de no ser así podría ejercitar sin disputa alguna, no de acuerdo con alguna regla general o uniforme, sino para hacer que el goce absoluto que dicha persona tiene dependa del criterio arbitrario de las autoridades que gobiernan el pueblo o ciudad, es anticonstitucional y nula, por no ofrecer una regla de acción uniforme, y dejar el derecho de propiedad sometido a la voluntad despótica de los funcionarios municipales, quienes pueden ejercitarlo de acuerdo con algún principio que no correspondería al poder constitucional del estado sancionar o hasta llegar, a conferir beneficios o privilegios exclusivos a personas particulares." 19 R. C. L. 813.

La ordenanza, además, envuelve por sus términos una mera prohibición de que los concesionarios puedan reedificar y la falta de que se les haya dado una oportunidad para reconstruir y no aparecer requerimiento alguno a ese efecto, hace que la ordenaza no tenga validez legal alguna, ya que se ha seguido para declarar la caducidad de la concesión un procedimiento injusto y *ad libitum* de los que votaron la ordenanza.

Se ha resuelto, sin embargo, por el peso de las autoridades que una ordenanza que no establece los requisitos que han de observarse

ni ninguna regla general y uniforme, sino que meramente prohibe la construcción de algún edificio dentro de los límites municipales sin obtenerse un permiso es nula, puesto que deja la concesión del permiso a la discreción arbitraria de las autoridades municipales que puede ser ejercitada basada en algún principio no justificado y que no está sujeta a la revisión judicial toda vez que la corte no puede decir si los planos del propuesto edificio se ajustan o no a los requisitos municipales." 19 R. C. L. 830.

En cuanto a los demás errores, no siendo suficientes por sí solas las razones que se alegan para sostenerlos y careciendo los mismos de importancia en este recurso, no hay lugar a fundar ellos la revocación que se pide.

Por todo lo expuesto debe confirmarse la orden de la corte inferior de 15 de febrero de 1922, en cuanto por ella se declara la nulidad de la ordenanza municipal de Mayagüez de 14 de septiembre de 1921. Los demás pronunciamientos deben revocarse por improcedentes.

*La resolución de la corte inferior sobre nulidad de la ordenanza de septiembre 14, 1921.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Aldrey y Hutchison.

El Juez Asociado Sr. Wolf no intervino en la resolución de este caso.