Municipio de Guánica, representado por su Alcalde Clemente J. Rodríguez Carlo, demandante y apelante *v.* Jenaro García, Alfonso García y Tomás Olivari, demandados y apelados.

No. 6623.—*Sometido:* Abril 27, 1934. *Resuelto:* Julio 5, 1935.

*F. Colón Díaz* y *Leopoldo Tormes García,* abogados del apelante; *Enrique Báez García,* abogado de los apelados.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

El municipio de Guánica presentó en la Corte de Distrito de Ponce una solicitud de *injunction* contra Jenaro García Martínez y otras dos personas a sus órdenes para que se decretase que se abstuvieran de construir cierta casa e interesó que mientras se resolvía su solicitud concediese la corte un *injunction* preliminar *pendente lite* con igual fin. La corte oyó a las partes sobre la petición de *injunction* preliminar y después negó esa solicitud por lo que el municipio de Guánica interpuso esta apelación.

El poblado de Guánica formó parte del municipio de Yauco hasta que por una ley de 1914 quedó constituído en un municipio independiente. Cuando era parte del municipio de Yauco, éste dió en usufructo sin condiciones especiales un solar de su propiedad para la construcción de una casa que fué edificada en 1881. Esa casa la compró Jenaro García en 1933 para fabricar en su solar un teatro para cine. Hechos los planos para esa nueva construcción y aprobados por el Departamento de Sanidad así lo comunicó Jenaro García al alcalde de Guánica, a quien manifestó también que había enviado un giro postal de un dólar al tesorero municipal para que se le expidiera permiso para realizar la obra. El alcalde escribió a García devolviéndole el giro postal que había enviado al tesorero municipal y manifestándole que era imposible expedirle el permiso que solicitaba por no haber cumplido con los requisitos establecidos para esa petición según la Ley Municipal. Entonces Jenaro García derribó la casa que había comprado, acopió materiales de construcción en el solar y empezó los cimientos de su teatro-cine. Así las cosas el municipio presentó su petición de *injunction* y su solicitud para que se decretase un entredicho y un *injunction* provisional. El fundamento de esas peticiones es que según ordenanza de dicho municipio el usufructo de solares concedidos para construir casas se entiende que cesa desde el

momento en que, por incendio, derribos u otras causas análogas, desaparezcan las casas sobre ellos construídas: en que Jenaro García no presentó al municipio los planos y el presupuesto de la obra: y que de continuarse la construcción del edificio el municipio se vería privado de hacer cumplir sus ordenanzas.

Por virtud de la constitución del municipio de Guánica el solar en cuestión, que había sido propiedad del de Yauco y por él cedido en usufructo para la construcción de una casa, pasó en igual concepto a ser del municipio de Guánica. La teoría del municipio apelante es que habiendo derribado Jenaro García la casa que compró ha caducado su derecho al usufructo del solar concedido para construcción, de acuerdo con ordenanza municipal que declara que cesa el usufructo de dicho solar por haber sido derribada la casa que en él había sido construída.

No tenemos necesidad de considerar en esta ocasión la ordenanza del municipio de Guánica aprobada en 1915 y que dispone que el usufructo de los solares cedidos para construcciones urbanas se entiende que cesa desde el momento que desaparezcan las casas en ellos construídas, lo que equivale a caducidad del usufructo concedido, porque cuando la casa fué derribada en 1933 estaba vigente la Ley Municipal de 1928, que es la aplicable al caso presente porque según hemos resuelto en el de *Casanovas* v. *Municipio de Mayagüez,* 31 D.P.R. 281, la caducidad de la concesión de solares por los municipios se regirá por la ley vigente al tiempo de gestionarse aquélla. Esa ley trata en su artículo 70 de la concesión de solares a perpetuidad para la construcción de casas en los mismos, mediante petición; y en su párrafo 5°. dispone que cuando la Asamblea Municipal estime llegado el caso de tratar la caducidad en una de esas concesiones, se citará al concesionario, con antelación de treinta días por lo menos, para que comparezca ante la asamblea y exponga su derecho en sesión que al efecto se celebrará y oído que sea el interesado la asamblea resolverá de acuerdo con la ley y la prueba,

siendo apelable por el concesionario esa resolución para ante la corte de distrito mediante la oportuna demanda dentro de los treinta días de serle notificada la resolución. Esto no se ha hecho en este caso, en el que el alcalde por su sola cuenta ha tenido por caducada la concesión que adquirió Jenaro García y ha exigido que el apelado solicite el solar como si nunca lo hubiese adquirido en usufructo y como si hubiera caducado su derecho, por el solo hecho de haber derribado la casa que en él había sido construída, para edificar otra.

En cuanto a si los planos para la nueva construcción fueron entregados al alcalde, la prueba fué contradictoria, pues mientras dicho funcionario, que está interesado en otro cine de Guánica, negó que le fueran entregados, dos testigos declararon que ellos se los entregaron, por lo que en vista de la decisión del asunto por la corte inferior entendemos que creyó la declaración de dichos dos testigos, por lo que no ha sido infringida la ordenanza que requiere la presentación de planos para poder edificar.

Otra ordenanza de 18 de mayo de 1914, que fué presentada y es el *exhibit* C, impone el pago de ciertos arbitrios, entre ellos el de un dólar por concesión de la zona pública con vallas o cercas para acopio de materiales durante la construcción o reparación de edificios, por cada mes o parte de él; y también el de dos dólares por licencia para construir edificios hasta un valor de $500. El primero de esos arbitrios trató de satisfacerlo Jenaro García pero le fué devuelto el dinero por el alcalde.

El apelado sostiene que esa ordenanza sobre arbitrios no estaba vigente cuando en 1933 trató de fabricar su teatro-cine y creemos que tiene razón, pues en el preámbulo de ella se dice: "Ordenanza disponiendo que durante el ejercicio de 1914–1915 rija una ordenanza y tarifa para determinar la imposición y cobro de ciertos arbitrios . . .": y en otra parte de ella se dice también que: "Por cuanto: necesita este Concejo Municipal para hacer uso de las facultades mencionadas para obtener la imposición y recaudación de arbitrios por los

conceptos que más adelante se relacionan, durante el año económico de 1914–15." Las palabras usadas en esa ordenanza en cuanto al tiempo de su vigencia son tan claras que hay que concluir que esos arbitrios fueron impuestos para el año económico de 1914–15 y que por tanto no estaban en vigor en 1933.

*La resolución apelada debe ser confirmada.*