Flor González, recurrente, *v.* El Registrador de la Propiedad de Bayamón, recurrido.

Núm. 1232.—*Sometido:* Julio 6, 1948. *Resuelto:* Julio 6, 1948.

*Benigno Dávila,* abogado del recurrente; el registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tribunal.

El 22 de agosto de 1947 la Asamblea y el Alcalde del Municipio de Toa Baja aprobaron una ordenanza que textualmente dice así:

"POR CUANTO: Don Flor González, mayor de edad, casado con doña Constancia Maldonado, empleado y vecino de Toa Baja, P. R., ha solicitado que se le ceda en usufructo el siguiente solar: (se describe)

"POR CUANTO: El referido don Flor González tiene una casa de concreto construída en dicho solar;

"POR CUANTO: Apareciendo de los records y del Registro de la Propiedad de San Juan, hoy de Bayamón, al folio 47 vuelto del Tomo 8, Finca Núm. 338, inscripción cuarta, que el uso de este solar fué cedido o pasó a ser de don Abdón Nevares Ayala, mayor de edad, empleado, viudo, digo casado con doña Julia Santiago, ambos en la actualidad fenecidos, se procedió por esta Asamblea Municipal del Municipio de Toa Baja, P. R., en virtud del artículo 70 de la Ley Municipal vigente, a citar al concesionario para que compareciera ante la Asamblea y expusiera lo que a sus derechos conviniera, en cuanto a las razones que tuviera para no revocár-

sele sus derechos al uso del solar descrito, y oídas las partes se encontró que dicho don Abdón Nevares Ayala y su esposa habían cedido a su vez el uso del solar a terceras personas, y que las edificaciones de madera que existían en dicho solar no existen actualmente porque las mismas fueron destruídas y desaparecieron a través de los años y por motivo de los ciclones, y que en su lugar el ahora peticionario don Flor González ha edificado una nueva construcción de concreto, por lo que se procedió a revocar en sesión al efecto celebrada, por esta Asamblea Municipal, las cesiones anteriores a favor de don Abdón Nevares Ayala, y a concederle el uso del referido solar al que lo posee actualmente, o sea al citado don Flor González.

"Por cuanto: La citación de los concesionarios anteriores relacionados se efectuó el día 15 de julio de 1947 para que comparecieran a la Sesión Extraordinaria convocada a celebrarse por la Hon. Asamblea Municipal de Toa Baja, hoy día 22 de agosto de 1947 a estos efectos y otros, resultando de la prueba lo anteriormente relacionado;

"Por tanto: Ordénase por esta Asamblea Municipal de Toa Baja, Puerto Rico;

"1. Revocar, como por la presente se revoca, la concesión del solar descrito en esta Ordenanza a favor de los anteriores dueños don Abdón Nevares Ayala y sus cesionarios, y,

"2. Conceder, como por la presente le concede, a perpetuidad a favor de don Flor González, el usufructo del referido solar con las condiciones de que siempre ha de mantener en buenas condiciones sanitarias y de ornato público, tanto por él como por sus sucesores en interés, las edificaciones actuales o que en el futuro se edificaren en el solar descrito;

"3. Que esta Ordenanza por ser de carácter urgente empezará a regir inmediatamente después que la misma sea firme, si ninguna de las partes acude ante la Corte del Distrito Judicial correspondiente en apelación o revisión de lo aquí aprobado, o sea dentro de 30 días a contar desde esta fecha, en que se le notifica esta Resolución a las partes.

"4. Que toda ordenanza o parte de cualquiera otra que se oponga a la presente queda por ésta derogada."

En la certificación de la ordenanza expedida por el Secretario-Auditor de dicho municipio el 26 de febrero de 1948, se hizo constar lo siguiente:

"Que la que antecede es copia fiel y exacta de la ORDENANZA sobre Concesión de Solar, aprobada por la Hon. Asamblea Municipal de Toa Baja, P. R., en su Sesión Extraordinaria del día 22 de agosto de 1947, habiendo asistido a la misma todos sus miembros, aprobándose dicha Ordenanza por unanimidad, y aprobada por el señor Alcalde en la misma fecha; y CERTIFICO además que esta Ordenanza es firme por no haber las partes en derecho acudido en forma alguna a la corte de distrito correspondiente; y a petición de parte interesada, expido la presente, bajo mi firma y sello de este Municipio, en Toa Baja, P. R., a 26 de febrero de 1948."

El 10 de febrero de 1948 don Flor González otorgó, ante el notario Benigno Dávila, escritura de edificación en la que hizo constar que era dueño de una casa de concreto, la que describió, situada en el solar del Municipio de Toa Baja, descrito en la ordenanza antes mencionada; que había construído dicha casa en el año 1945 a un costo de mil quinientos dólares, con cuyo valor debía inscribirse en el Registro de la Propiedad, a cuyo efecto acompañaría copia certificada de dicha ordenanza, haciendo constar el notario que la tuvo a la vista al otorgarse la escritura.

Presentadas la escritura y copia certificada de la ordenanza, el Registrador de la Propiedad Interino de Bayamón, denegó la inscripción de la escritura "por observar que el solar donde se dice que se ha verificado la edificación a que el mismo se refiere, tiene registrado según el Registro Abdón Nevárez Ayala, casado con Julia Santiago, el dominio de una casa, sin que conste que éste haya trasmitido la misma a persona alguna y tomada en su lugar anotación preventiva . . ."; y de la ordenanza "por observar que el solar descrito está siendo usado por una casa que según el Registro está registrada a favor de Abdón Nevárez Ayala."

No conforme con estas notas, Flor González interpuso el presente recurso gubernativo.

En el alegato presentado por el Registrador para sostener su actuación el único fundamento que expone es el siguiente:

"Que no consta del Registro que dicho Abdón Nevares Ayala o sus causahabientes o representantes legítimos hayan prestado su consentimiento para la cancelación del derecho de usufructo del expresado solar, ni tampoco de la inscripción del dominio de la casa enclavada en dicho solar; según así lo dispone el artículo 82 de la Ley Hipotecaria y el artículo 83 de la misma ley que determinan el procedimiento a seguir en el caso presente, en concordancia con el artículo 132 del reglamento para la ejecución de la Ley Hipotecaria. *Antonio del Toro* v. *Registrador*, 55 D.P.R. 912."

Consideramos que el artículo 83 de la Ley Hipotecaria no es aplicable al presente caso, pues se refiere en sus dos primeros párrafos a inscripciones o anotaciones hechas a virtud de providencia judicial, y en el último cuando hechas a virtud de escritura pública no consintiere aquél a quien la cancelación perjudique. Sí lo son, a nuestro juicio, los números 1 y 2, del artículo 79 de la ley, según enmendado por la Ley núm. 18 de 9 de julio de 1936 (Leyes de 1936, Sesión Extraordinaria, pág. 145), los cuales disponen, en lo pertinente, que "Podrá pedirse y deberá ordenarse en su caso, la cancelación total: 1. Cuando se extinga por completo el inmueble objeto de la inscripción; 2. Cuando se extinga también por completo el derecho inscrito"; y el artículo 131 del Reglamento, dispositivo de que "Se entenderá extinguido el inmueble objeto de la inscripción, para los efectos del número 1 del artículo 79 de la ley, siempre que desaparezca completamente por cualquier accidente natural, ordinario o extraordinario, como la fuerza de los ríos, la mudanza de sus álveos, *la ruina de los edificios cuyo suelo sea de propiedad ajena*(¹) u otros acontecimientos semejantes." (Bastardillas nuestras.)

El segundo párrafo del artículo 132 del Reglamento Hipotecario dispone que "Se considerará extinguido el derecho real inscrito para los efectos del número 2 del mismo

---

(¹) En el caso de autos se trata de dos derechos separados inscritos, el solar y la edificación, el primero del Municipio y el segundo del concesionario. *Cf. Jiménez* v. *Registrador*, 62 D.P.R. 353, 357.

78

artículo 79: Cuando deje también de existir completamente el derecho real inscrito, bien por disposición de la ley, como sucede en la hipoteca legal luego que cesa el motivo de ella, ó bien por efecto natural del contrato que diera causa a la inscripción, como se verifica en la hipoteca cuando el deudor paga su deuda, en el censo cuando lo redime el censatario, en el arrendamiento cuando se cumple su término y *en los demás casos análogos.*" (Bastardillas nuestras.)

■ Hemos resuelto en los casos de *Casanovas et al.* v. *Municipio de Mayagüez et al.*, 31 D.P.R. 281 y *Municipio de Guánica* v. *García*, 48 D.P.R. 816, que la caducidad de la concesión de solares municipales se rige por la ley vigente al gestionarse aquélla. La ley municipal en vigor al iniciar la Asamblea Municipal de Toa Baja el procedimiento de caducidad en este caso, es la núm. 53, aprobada el 28 de abril de 1928 (pág. 335), según subsiguientemente enmendada, que en su artículo 70 (Comp. Est. y Cod., Ed. 1941, pág. 613), párrafo quinto, dispone:

"Cuando la Asamblea Municipal estimare llegado el caso de tratar de la caducidad de una de estas concesiones, se citará al concesionario, con antelación de treinta (30) días por lo menos, para que comparezca ante la Asamblea y exponga su derecho, en sesión que al efecto se celebrará. Oído que sea el interesado, la Asamblea resolverá de acuerdo con la ley y de conformidad con la prueba justificada; y la resolución que adopte será firme, si el concesionario no acude en el término de treinta (30) días de notificársele la resolución, estableciendo la oportuna demanda ante la corte de distrito del distrito a que el municipio pertenezca; y visto de nuevo el caso en dicha corte, la decisión de ésta será definitiva."

La Asamblea Municipal de Toa Baja, al aprobar la ordenanza antes copiada, se ajustó al procedimiento establecido en la ley, pues de ella aparece que se citó al anterior concesionario Abdón Nevares Ayala y sus causahabientes, con treinta días de antelación, y al recurrente, para que comparecieran a la sesión extraordinaria celebrada el 22 de

agosto de 1947 a exponer sus derechos; que ellos comparecieron; que se probó que la edificación de madera que anteriormente existía en el solar había sido destruída y desapareció por la acción del tiempo y con motivo de los ciclones; que el recurrente había construído una casa de concreto en el mismo solar; que todo esto quedó comprobado por la prueba presentada, y, en su consecuencia, la Asamblea Municipal revocó la cesión del solar hecha a Abdón Nevares Ayala y sus cesionarios y concedió al recurrente Flor González el usufructo de dicho solar con ciertas condiciones. Aparece, además, de la certificación del Secretario-Auditor de Toa Baja, fechada el 26 de febrero de 1948, que dicha ordenanza es firme por no haber las partes acudido en forma alguna a la corte de distrito correspondiente dentro de los treinta días de haberles sido notificada la resolución de la Asamblea, que lo fué el mismo día 22 de agosto de 1947.

Morell, en sus Comentarios a la Legislación Hipotecaria, vol. 3, págs. 381, 382 y 405, al tratar del artículo 79, núm. 1, de la Ley Hipotecaria, supra, se expresa en esta forma:

"Se entenderá extinguido el inmueble objeto de la inscripción, decía el artículo 66 del reglamento anterior, siempre que desaparezca completamente por cualquier accidente natural ordinario o extraordinario, como la fuerza de los ríos, la mudanza de sus álveos, la ruina de los edificios cuyo suelo sea de propiedad ajena, los terremotos u otros acontecimientos semejantes.(²)

"La extinción completa, como dice la ley, del inmueble, que es el objeto de los derechos que se inscriben, no puede menos que extinguir el derecho mismo que sobre ese objeto recae. La ley alude sólo en la frase 'acontecimientos semejantes', a los accidentes *naturales*, ordinarios o extraordinarios. Es, en efecto, lo más racional. La voluntad del hombre difícilmente extingue por completo un inmueble; pero si el objeto del derecho es un edificio con independencia del suelo, cabe su extinción por obra del hombre, y extinguido

---

(²)El artículo 66 del Reglamento anterior a que se hace referencia es casi igual al artículo 131 de nuestro Reglamento, supra.

el objeto, el derecho se extingue. Hay además otras causas independientes de la naturaleza y de la voluntad, como la expropiación forzosa por causa de utilidad pública.''

''❋     ❋     ❋     ❋     ❋     ❋     ❋

''*Extinción total.—La extinción completa* del inmueble, objeto sobre el que en definitiva recaen todos los derechos inscribibles, es un caso rarísimo, y si ocurriese por causa de un terremoto, fuerza de los ríos, mudanzas de sus álveos, etc., como decía el artículo 66 del anterior reglamento, nadie tendría interés en presentar los documentos justificativos de la catástrofe, por lo mismo que esa justificación exigiría gastos innecesarios, siendo evidente que cancelada o no cancelada la inscripción, *allí ya no era posible que existiese ningún derecho.* El artículo 149 del reglamento, por si ocurriese el caso, previene que la extinción de la finca se acreditará presentando en el Registro los documentos que justifiquen ese hecho anormal.'' (Bastardillas nuestras.)

El artículo 149 del Reglamento(³) a que hace referencia Morell, no existe en nuestro Reglamento Hipotecario, excepto en cuanto a su segundo párrafo que ha pasado a ser el artículo 133 del nuestro.

No exigiéndose por nuestras leyes la presentación en el Registro de los documentos a que se refiere el artículo 149, del Reglamento de España, supra, ¿qué más podía exigir el Registrador en el presente caso que la determinación administrativa hecha por la Asamblea Municipal, de acuerdo con la prueba ante ella presentada, en cuanto a la extinción del inmueble construído en el solar del municipio por el anterior concesionario, después de habérsele citado a él y a sus cesionarios y de no haber ellos atacado dicha determinación ante la corte de distrito correspondiente, convirtiéndose así

---

(³) ''Art. 149. Para practicar la cancelación total de las inscripciones y anotaciones preventivas, en los casos a que se refiere el art. 79 de la ley, será necesario presentar en el Registro los títulos o documentos que acrediten la extinción de la finca o derecho, o en que se declare la nulidad del título inscrito o de la misma inscripción.

''Las cancelaciones que se hagan por consecuencia de declararse nulos los títulos inscritos surtirán sus efectos sin perjuicio de lo dispuesto en el art. 34 de la ley.

''Estas disposiciones son igualmente aplicables a las cancelaciones parciales cuando procedan.''

en firme la resolución de la Asamblea? Nada tuvo ante su consideración el Registrador que impugnara la veracidad de los hechos expuestos en la ordenanza y, de acuerdo con el artículo 70 de la Ley Municipal, supra, la caducidad de la concesión del uso del solar hecha al que del Registro la tenía inscrita se ha convertido en firme por no haber sido impugnada ante los tribunales según dispone la ley municipal.

La intervención judicial que aparentemente exige el Registrador para ordenar la cancelación no es necesaria en este caso especial, pues ella ha quedado sustituída por la intervención administrativa del municipio, debidamente autorizado por el artículo 70 de la Ley Municipal vigente. Pero es más, la intervención judicial la concede el mismo artículo 70, supra, a las partes, antes de que la determinación administrativa pueda ser firme; y en el presente caso no se utilizó por la parte que pudiera considerarse perjudicada con la actuación de la Asamblea Municipal.

Barrachina en su Derecho Hipotecario y Notarial, vol. 2, pág. 329, al comentar sobre las "Cancelaciones de asientos por virtud de Resolución Administrativa", dice:

"Virtualmente se hallan comprendidas en el artículo 82, cuando dice: 'Que procede esa forma extintiva por medio de documento auténtico', que es el que expide el Gobierno o *sus agentes* conforme a lo prescrito en el artículo 3º y, además, por las resoluciones administrativas que se hallan *equiparadas,* como hemos visto en este respecto, a las providencias judiciales." (Bastardillas nuestras.)

Y Morell, en la obra citada, pág. 403, dice:

"Hay casos en los que el simple transcurso de un plazo, la confusión o consolidación de derechos, u otras causas, produce desde luego la extinción, bastando pedir que así se haga constar, o debiendo así consignarlo, aun sin petición alguna. Pero hay otros, los más numerosos, en los que se necesitan determinados documentos para acreditar esa extinción, como ocurre cuando el derecho se extingue con la muerte, o por el cumplimiento o incumplimiento de condiciones, *por extinción en todo o en parte del inmueble,* o de la plantación o del edificio, o por existir una disposición legal por

virtud de la cual *el derecho deja de serlo; pero que requiere la justificación de determinados hechos,* o una declaración judicial o *administrativa.''* (Bastardillas nuestras.)

Habiendo caducado la concesión anterior del uso del solar y concedido el mismo al recurrente por disposición de la autoridad competente, habiéndose determinado la extinción del inmueble objeto de la inscripción anterior y habiéndose hecho constar en escritura pública la edificación que en dicho solar hizo el recurrente desde el año 1945, procedía la cancelación e inscripción solicitadas y, a tal efecto, *se revocan las notas recurridas.*